## Gallagher & Speck (corporation), Appellee, v. Chicago Title & Trust Company, Appellant.

### Gen. No. 29,852.

1. AGENCY—*when judgment against trustee as undisclosed principal erroneous.* Where work was done and materials furnished in the installation of a steam plant on certain premises, title to which stood of record in the name of defendant as trustee under the provisions of a certain unrecorded trust agreement, and it was admitted that plaintiff did not deal with such trustee in any manner whatever, and that the trustee had no knowledge that the work was being done by plaintiff on the beneficiary's order or otherwise, and no subsequent ratification by defendant was shown, and the beneficiary was not held out as the defendant's agent, a judgment for the value of the work and labor and materials holding said trustee as an undisclosed principal was erroneous, where it appeared that the recorded deed recited that the interest of the beneficiary was to be personal property only, and the unrecorded trust agreement gave to the beneficiary the management and control of the property and the selling, renting and handling thereof, and the rents and the proceeds of sales were his own property.

2. NOTICE AND RECORD OF TITLE—*recorded deed to trustee as constructive notice of undisclosed beneficiary's interest.* A recorded deed to one as trustee under a certain trust agreement was constructive notice to the public that while the grantee held the title someone else named in the unrecorded trust agreement in question was the beneficial owner of the rents and earnings and the proceeds of any sale.

3. AGENCY—*when agency relation between beneficiary and trustee not shown.* No relation of principal and agent was created between a grantee as trustee and the beneficiary named in an un-

recorded trust agreement from the mere fact that the recorded deed did not disclose the name of the beneficiary, nor would the insertion of the name of the beneficiary in the deed, as the owner of the rents and proceeds of a sale, have created such agency, but the relation would merely have been that of trustee and *cestui que trust*.

4. AGENCY—*burden of proof of undisclosed agency*. The liability of an undisclosed principal does not depend solely upon the fact that the agency was undisclosed but the fact of agency must also be established, and, if denied, the burden of proving it is upon the party asserting the existence of the agency.

Appeal by defendant from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed. Opinion filed July 14, 1925. *Certiorari* denied by Supreme Court (making opinion final).

TIMOTHY J. FELL, for appellant; SHERMAN C. SPITZER, GEORGE GILLETTE, THOMAS J. HOBAN and FREDERICK O. FLOBERG, of counsel.

MADDOCK, JAFFE & GREEN, for appellee; C. VAN ALEN SMITH, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant appeals from a judgment against it for $1,321.50 for work and labor done and materials furnished in installing a steam heating plant in certain premises in Chicago, the title to which of record stood in the name of defendant, as trustee. The work was done under a contract consisting of a written proposal made by plaintiff to E. J. Kelley, and a verbal acceptance thereof by Kelley. It is admitted that plaintiff dealt only with Kelley and not at all with defendant. The theory of plaintiff's claim, and apparently of the judgment rendered by the court, upon a trial without a jury, is that upon the undisputed facts shown by the evidence defendant was liable, as an undisclosed principal, upon Kelley's contract.

The premises in which the heating plant was installed cover five lots. Prior to the date of Kelley's acceptance of plaintiff's proposal, the former owners of such lots conveyed the same to defendant "as Trustee, under the provisions of a trust agreement dated the 12th day of September, 1916, and known as Trust Number 6624." The *habendum* clause reads: "To have and to hold the said premises with the appurtenances upon the trusts and for the uses and purposes *therein* set forth." All these deeds are in the same form, and none of them gives the name of the beneficiary. These deeds were recorded. The trust agreement, mentioned therein, "known as Trust Number 6624," was not recorded.

By the terms of the recorded deeds, the trustee is given power to improve and manage the property, to sell, subdivide, mortgage, lease, exchange and convey the same or any part thereof, "and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified." Each of said deeds also provides that "the interest of each and every beneficiary hereunder and of all persons claiming under them, is hereby declared to be personal property, and to be in the earnings, avails and proceeds arising from the disposition of the premises, the intention hereof being to vest in the said Chicago Title and Trust Company the entire legal and equitable title in fee in and to all of the premises above described."

The unrecorded agreement, "known as Trust Number 6624," is in the form of a declaration of trust and is signed only by defendant. It certifies that defendant will hold the title of the premises "for the ultimate use and benefit of Edward J. Kelley"; that "the interest of any beneficiary hereunder shall consist solely of the right to receive the proceeds from rentals or from sales of said premises, and that such right in the avails of said property shall be deemed to be

personal property and may be assigned and transferred as such''; that the beneficiary shall have no right, title or interest in the real estate as such, but only an interest in the proceeds thereof, "it being the intention of this instrument to vest the full legal and equitable title to said premises in said trustee"; that while the trustee is the sole owner of the real estate, and, "so far as the public is concerned, has full power to deal with it," it is agreed that the trustee "will deal with it only when authorized to do so, in writing, and that it will, on the written direction of Edward J. Kelley," or such person as may be the beneficiary at the time, "make deeds for or otherwise deal with the title to said real estate." The agreement further provides that the beneficiary "shall have the management and control of said property, and of the selling, renting and handling thereof, * * * and said trustee shall not be called upon to do anything in the management or control of said property" except on the written direction of the beneficiary and after the payment to it of all money necessary to carry out his instructions. A very small fee is provided for the services of the trustee for accepting the trust and taking the title, and a small annual fee for holding it.

There is no evidence that in the making or performance of plaintiff's contract Kelley used the name of the defendant in any manner or for any purpose; or assumed to act as an agent for it, or to act for anyone other than himself. There is no evidence that defendant had anything whatever to do with that contract, or knew of its existence, or knew that any work was being done or had been done by the plaintiff, on Kelley's order or otherwise; nor is there any evidence that when plaintiff performed its contract with Kelley, it had any knowledge that defendant held the legal title of record to the premises in which the work was done. Nor is there any evidence tending to

prove a subsequent ratification by defendant of Kelley's contract, or any acceptance of the benefits thereof, with knowledge of the same. In the absence of such evidence, it is clear that if there was any relation of principal and agent between defendant and Kelley, such relation was created by, and must be found in, the recorded deeds to defendant and the unrecorded trust agreement number 6624. We find nothing in them to support the plaintiff's claim of agency.

Plaintiff's counsel contend that notwithstanding the use of the word "trustee" in the recorded deeds and the unrecorded trust agreement, the full equitable and legal title was conveyed to defendant, who thereby became, not merely a trustee, but the actual owner of the property, so far as the public was concerned. This contention is only partially correct. The recorded deeds, of which the public must take notice, provided that while the full legal and equitable title was conveyed to the defendant, such title should be held in trust under the provisions of an agreement which left the *cestui que trust* an interest in the "earnings, avails and proceeds arising from the disposition of the premises." This was constructive notice to the public that while defendant held the *title* to the premises, someone else named in the unrecorded trust agreement was the beneficial owner of all the rents and earnings of the property and the proceeds of any sale of the same. But if it were true that all the instruments taken together made defendant the actual owner of the property instead of a mere trustee, it would not follow that defendant is liable in this action for work done under a contract with Kelley, without proof that Kelley was defendant's agent with authority to make such contract. There is no such proof. The fact that the recorded deeds did not disclose the name of Kelley as the beneficial owner of the property has no tendency to prove that

44    APPELLATE COURTS OF ILLINOIS.

Gallagher & Speck v. Chicago Title & Trust Co., 238 Ill. App. 39.

Kelley was defendant's agent. If Kelley's name had been inserted in the recorded deeds as the beneficial owner of the rents and proceeds of the real estate, no relation of principal and agent would be shown thereby, but the relation shown would be that of trustee and *cestui que trust*. Agency differs in many respects from a trust. (1 Mechem on Agency, 2nd ed., sec. 42.) A trustee may be an agent but in such case the *cestui que trust* is the principal. (2 Corpus Juris, p. 425.) If it were possible to construe any relationship of principal and agent from the language used in these documents, Kelley would be the principal and defendant the agent, instead of the reverse, as claimed by plaintiff's counsel.

Counsel for plaintiff also contend that by the terms of the unrecorded agreement ''Kelley was in writing appointed the authorized representative or manager of defendant.'' This is a misconception. The unrecorded agreement provides that the beneficiary shall have the management and control of the property and of the selling, renting and handling thereof; but it does not say that the beneficiary shall manage and control the property and collect rents *for the defendant* or as its agent, and there is nothing in the language of the trust agreement which can be so construed. By the terms of the deeds and also the trust agreement, the rents, avails and proceeds of the property belong to the beneficiary; and the trust agreement expressly provides that the trustee shall not be called upon to do anything in the management or control of the property except on the written direction of the beneficiary. Kelley's authority to manage and control the property and collect and retain the rents and proceeds of the same was not derived from any appointment by defendant, but such ''rents, avails and proceeds'' were his own property, reserved to him in and by the terms of the deeds to defendant, as

well as in the trust agreement executed at the same time.

Plaintiff's counsel seem to contend that the mere fact that the provisions of the trust agreement were "secret," in the sense that the agreement was not recorded, makes a difference in the rights of the parties. But the liability of an undisclosed principal does not depend solely upon the fact that the agency was undisclosed. The fact of agency must also be established, and, if denied, the burden of proving it is upon the party who asserts such agency to exist. In this case, there is no proof that Kelley ever was or ever pretended to be defendant's agent, and no proof that defendant ever held him out as its agent, to plaintiff or anyone else.

The judgment of the superior court is reversed, and as there can ᵇᵉ no recovery upon the undisputed facts in the record, the cause will not be remanded.

*Reversed.*

BARNES, P. J., and GRIDLEY, J., concur.