KESSLER, MERCI, AND LOCHNER, INC., Plaintiff-Appellee, *v.* PIONEER
BANK & TRUST COMPANY, *et al.*, Defendants-Appellants.

First District (5th Division)    Nos. 80-437, 80-2524 cons.

Opinion filed October 30, 1981.

Lawrence D. Swidler & Associates, Ltd., and David Rallo, both of Chicago (Stewart M. Weltman, of counsel), for appellants.

Gann, McIntosh, Flaherty & Parker, of Chicago (Donald J. Parker, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from an order of the trial court requiring the defendant beneficiaries (Beneficiaries) of a land trust to submit to arbitration. Consolidated with this appeal is an appeal from an order dismissing plaintiff and third-party defendant (Kessler) from a third-party complaint brought by six third-party plaintiffs, including Beneficiaries (Developers). On appeal the Beneficiaries and Developers contend that (1) the trial court erred in ruling that the trustee was an agent of the Beneficiaries for purposes of this contract on behalf of the land trust, and (2) the trial court erred in ruling that the Beneficiaries of the land trust were bound by the contract signed by the trustee. The Beneficiaries further assert that it was error to enter a judgment in favor of Kessler without an evidentiary hearing, and the Developers argue that the trial court erred in sustaining Kessler's motion for dismissal, unverified and unsupported by affidavit. The pertinent facts follow.

On June 2, 1978, Kessler filed an unverified complaint for declaratory relief against Pioneer Bank and Trust Company (Pioneer), as trustee, and Armand S. Donian. Donian was one of the beneficiaries of a land trust established at the Pioneer Bank and also the developer with the largest interest in the land trust property. Phillip C. Goldstick, Vera Donian Bezazian and Dorothy Donian Avedisian were the other beneficiaries of the land trust property. Donian and Goldstick negotiated the agreement for architectural services in contemplation of the erection of condominium units on the trust property. This contract was signed on October 2, 1973, and contained an arbitration clause. The complaint was later amended to include all the beneficiaries of the trust. The contract attached to the complaint contained the following provision:

> "All claims, disputes and other matters in question arising out of, or relating to this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law."

This article was initially crossed out by Donian; however, a typewritten insert on the side of this provision stated that "This article to be included in Agreement" and was initialled by HEK (presumably Howard E.

Kessler, president of Kessler). The contract was returned to Goldstick who transmitted it in this form to Pioneer Bank. Pioneer Bank executed the contract with the arbitration clause reinserted pursuant to the letter of direction. The contract contained the following stamped representation:

> "All representations of Pioneer Trust and Savings Bank, as trustee, are those of the trustee's beneficiary only."

Further, at page three of the document, is another stamp which, as read in the record, states that:

> "This document is made by the Pioneer Trust and Savings Bank as trustee and accepted upon the express understanding that the Pioneer Trust and Savings Bank * * * [illegible material] waived, nor shall the Pioneer Trust and Savings Bank be held personally liable concerning or in consequence of any of the covenants of this document, either expressed or implied."

Pioneer moved for and was granted dismissal from the proceedings, admitting that the agreement did require it to arbitrate. Donian's motion to dismiss, alleging that the agreement did not contain his signature, and under Illinois law such a letter of direction could not make a beneficiary personally liable, was denied.

Kessler filed a second amended complaint alleging an agency relationship between the Beneficiaries and Pioneer. The Beneficiaries' answer contended that under Illinois law there was no agency relationship between the trustee, acting pursuant to a letter of direction, and the Beneficiaries. Their motion to dismiss the amended complaint was denied.

The trial court predicated its findings and rulings of law upon the pleadings admitted in the record. The pertinent findings indicated that:

> (1) the arbitration provision was included in the contract when the Beneficiaries' attorney submitted it to Pioneer;
> (2) Pioneer signed the contract as an agent at the direction of three of the Beneficiaries of the land trust; and
> (3) the Beneficiaries accepted the benefits of the architectural services rendered under the contract.

It therefore concluded that:

> "1. Where, as here, the trustee has no discretion to manage the trust property independently from the trust beneficiaries even for a term or to the accomplishment of a definite purpose, but acts only as directed by the beneficiaries such 'Trustee' is actually only an agent acting under the dominion of a principal.
>
> 2. Where, as here, a 'trustee' executed a contract for architectural services at the direction of the beneficiaries of his trust the trustee is really an agent whose principal [*sic*] is the beneficial owners of the trust property, and those beneficiaries are bound by the terms

of the agreement as is any other principal who acts through an agent."

In the parallel litigation, the Developers are seeking indemnity against Kessler, claiming that Kessler is liable to them if they are liable to the purchasers of the condominiums for alleged faulty workmanship in the design and construction of the building. Kessler filed a motion for dismissal on the grounds that the contract provided for arbitration. The Developers responded that the contract Kessler had was with Pioneer Bank and was, therefore, not binding upon them. The trial court granted Kessler's motion as to each of the six Developers. The Developers then filed a motion for rehearing and reconsideration alleging that (1) Kessler's motion for dismissal under section 48 of the Civil Practice Act proceeded upon grounds not appearing on the face of the third-party complaint, (2) Kessler's motion for dismissal was not verified and must be supported by affidavit, (3) Developers, Skokie Construction Co. (Skokie) and Lincoln-Niles Realty Associates (Lincoln-Niles), were neither Beneficiaries of the Pioneer Trust, nor signatories to the contract, and (4) the trial court erred in holding that the Beneficiaries were bound to the provisions of the contract with Kessler. This motion was denied.

OPINION

The question before us in both appeals is whether the pleadings and other documents allege sufficient facts for the trial court to make a determination that the trustee acted as an agent of the Beneficiaries in the execution of the architectural agreement, thus binding them to the terms of the contract.

■■ Generally, a trustee, as holder of legal title of the trust estate, deals with it as principal and is personally liable on his contract. (*In re Estate of Conover* (1938), 295 Ill. App. 443, 14 N.E.2d 980.) He can protect himself from personal liability on the contract by stipulating that he is not to be personally liable and that the other party is to look solely to the trust estate. (*Barkhausen v. Continental Illinois National Bank & Trust Co.* (1954), 3 Ill. 2d 254, 120 N.E.2d 649; *Schumann-Heink v. Folsom* (1927), 328 Ill. 321, 159 N.E. 250.) An agent does not have title to the property of the principal and can subject his principal to liability if he is acting within the scope of his authority. (*Merchants National Bank v. Frazier* (1946), 329 Ill. App. 191, 67 N.E.2d 611.) The distinction between a trustee and an agent is not only title, but control of the property. Where the trustee is given full control in the management of the business of the trust, then the beneficiaries have no personal liability. Where, however, the beneficiaries retain control over the trustee and the management of the business in relation thereto, a different result is warranted. (*Merchants National Bank; In re Estate of Conover.*) The trustee is regarded as the agent of the

beneficiaries and they will be liable upon his contracts. (2 Scott on Trusts §274.) A power of direction alone, however, will not result in the creation of an agency. *Barkhausen v. Continental Illinois National Bank & Trust Co.; Gallagher & Speck v. Chicago Title & Trust Co.* (1925), 238 Ill. App. 39.

■■ Under these applicable principles of law, Pioneer, the trustee in the pending case, would not become the agent of the Beneficiaries acting pursuant to the power of direction alone. There must be sufficient other facts in the pleadings which affirmatively show that the Beneficiaries retained "control" over Pioneer and management of the trust estate. An examination of the record, which includes the pleadings and memoranda of law submitted by counsel, indicates that Donian, one of the Beneficiaries, functioned as the primary developer of the property in question. Moreover, Donian, as agent of the Beneficiaries, negotiated the agreement with Kessler prior to its execution by Pioneer. When the arbitration clause was reinserted in the agreement, it was transmitted in that form to Pioneer by Goldstick (another Beneficiary), and Pioneer was directed by three of the Beneficiaries to sign the agreement. On these facts there is a sufficient basis for the court to conclude that Pioneer was the agent of the Beneficiaries. Further, this determination is supported by Pioneer's stamped provision in the agreement concerning its capacity, which states that "All representations of Pioneer Trust and Savings Bank, as trustee, are those of the trustee's beneficiary only." This statement would appear to acknowledge the Beneficiaries' control and management of the trust res. We, therefore, believe that under the facts of this case, Pioneer was the agent of the Beneficiaries and the Beneficiaries are bound by the contract terms.

There was no necessity for an evidentiary hearing as there were no genuine issues of material fact, only a dispute as to the application of legal principles. The Beneficiaries had an opportunity to assert any matters which would negate their control and management of the trust property. Having failed to avail themselves of this opportunity to raise a material fact, they cannot now argue that an evidentiary hearing was necessary. The trial court was thus empowered, based on the record before it, to enter judgment in favor of Kessler. Ill. Rev. Stat. 1979, ch. 110, par. 57.1; *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428; see also *Yakupcin v. Baker* (1980), 83 Ill. App. 3d 624, 404 N.E.2d 869.

We distinguish *Barkhausen v. Continental Illinois National Bank & Trust Co.* from the pending matter. In *Barkhausen,* the beneficiaries sought a judgment that they were not personally liable on a mortgage that their trustee had assumed. They had directed their trustee in a written letter of direction to acquire property and assume the covenants of the

mortgagor. Upon defaults under the covenants, Continental Bank notified them that they would ultimately be responsible for the entire amount of the mortgage indebtedness. In a declaratory judgment action, the trial court awarded summary judgment for them, holding there was no personal liability on their part. The appellate court reversed, predicating its determination upon three instruments: (1) a mortgage indenture; (2) the standard land trust agreement; and (3) an agreement, executed by the trustee, assuming the mortgage. The supreme court reversed because the evidence in the record before it demonstrated that the beneficiaries never contemplated assuming personal liability. The bondholders were repeatedly advised, in the negotiations for the sale, that the beneficiaries were not assuming any responsibility for the mortgage indebtedness, and in fact, the offer of purchase expressly specified that the sale was subject to the underlying mortgage without any assumption of personal liability. In the pending matter, we are not speaking of a pre-existing debt Pioneer was directed to assume, but one in which the Beneficiaries were affirmatively involved. Donian and Goldstick (Beneficiaries) were partners in a development partnership agreement concerning the property. Both of them were involved in the agreement for architectural services prior to Goldstick transmitting it to the trustee with the arbitration clause reinserted. Further, a portion of the architectural fees in question *was paid by Donian*, not Pioneer. While it is true that we do not have the land trust agreement before us, the record reflects that the Beneficiaries implicitly made themselves liable because of their management and control of Pioneer and the trust property.

Similarly, we distinguish *Gallagher & Speck v. Chicago Title & Trust*, where the court refused to hold the trustee liable as a principal on its beneficiary contract because the evidence did not warrant such. In that case, there was no evidence that the trustee had anything to do with the contract or knew of its existence, or even knew that any work was being done by the plaintiff on its beneficiary's order or otherwise, unlike the situation in our instant case. Further, there was no subsequent ratification by defendant of the beneficiary's contract or any acceptance of the benefits thereof, again unlike the situation in the instant case, where the Beneficiaries accepted the benefits of the architectural services in the development of their condominiums.

Lastly, the Developers in their appeal contend that the trial court erred in sustaining Kessler's motion for dismissal. Specifically, the Developers assert that the Kessler's motion made pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48) was not based on grounds that appeared on the face of the third-party complaint and so must be supported by affidavit. Further, Skokie and Lincoln-Niles were

neither signatories to the agreement between Pioneer and Kessler, nor beneficiaries of the Pioneer Trust, and so should be allowed to proceed with the third-party complaint against Kessler.

The Developers consist of Skokie, Lincoln-Niles, Pioneer Trust and Savings Bank, Armand S. Donian, Dorothy Donian Avedisian and Vera Donian Bezazian. The trustee (Pioneer) has aleady acknowledged its obligation to arbitrate. The third-party complaint included an attached counterclaim filed by the individual owners of Tiffany South Condominium Development against the Developers for negligent design and construction of their condominium property. In their counterclaim, the individual owners assert that Armand, Dorothy and Vera were beneficiaries of the Pioneer Trust and that Skokie and Lincoln-Niles are owned, directed and controlled by the named Beneficiaries of some of them. The Kessler motion stated that it had a contractual relationship with the Developers and that this relationship is governed by the contract, which prescribes arbitration.

We think it is important that the Developers are either Beneficiaries of the Pioneer Trust or are businesses operated by all or some of the Beneficiaries. The intricacies of these relationships make the Beneficiaries and Developers almost indistinguishable for purposes of this appeal. We also think it is significant that in the first appeal the Beneficiaries assert that they were not signatories to the agreement between their trustee and Kessler and so have no obligations under the contract, yet in the consolidated appeal assert their right to sue Kessler directly, as beneficiaries of the contract.

■■ Our courts have held that a beneficiary cannot be allowed to accept the benefits of the land trust form and still deal with the trust property as if no trust existed. (*Rizakos v. Kekos* (1977), 56 Ill. App. 3d 404, 371 N.E.2d 896.) In effect the Beneficiaries-Developers are asking us to recognize the legal entity they have adopted in the first appeal, but to disregard it for purposes of this consolidated appeal. Parties "cannot be permitted to adopt a legal entity and be blessed with both a sword and a shield depending upon the varying facts' and circumstances." *In re Application of County Treasurer* (1969), 113 Ill. App. 2d 50, 57, 251 N.E.2d 757.

■■■ The third-party complaint does contain the grounds for Kessler's motion to dismiss, and need not be supported by affidavit. It includes the counterclaim against the Beneficiaries-Developers, and Kessler has asserted that it has a contractual relationship with the Beneficiaries-Developers. The trial court properly found that the trustee was the agent of the Beneficiaries, and thus they are bound by the contract terms. Further, third-party beneficiaries of a contract have no greater rights than the party they wish to claim under (*Mark v. New York Stock Exchange*

(1978), 58 Ill. App. 3d 657, 374 N.E.2d 1037), and thus Skokie and Lincoln-Niles must necessarily look to the contract terms to determine their rights.

The Beneficiaries and Developers have filed a motion for summary reversal in which they contend that in the matter of *Gistenson v. Donian et al.*, now pending in the Chancery Division, Kessler did not raise the arbitration clause as a defense to the court's jurisdiction. They assert that the filing of an Answer and Counterclaim waived Kessler's right to arbitrate and acknowledges the jurisdiction of the court. We disagree. The reliance on *Gateway Drywall & Decorating, Inc. v. Village Construction Co.* (1979), 76 Ill. App. 3d 812, 395 N.E.2d 613, is misplaced. In *Gateway Drywall*, the contract provided for arbitration of disputes, however, defendants filed answers to the complaint and did not assert their right to arbitration until after their motion for a continuance of the second trial date had been denied. The court concluded that defendants' conduct in the action amounted to a waiver.

In the pending case, Kessler specifically set up the arbitration agreement as an affirmative defense and counterclaimed, in the alternative, if the court found that the parties to the action were not subject to the arbitration agreement, that an action at law be allowed for damages for failure to pay for the architectural services. Kessler's conduct has not been inconsistent with the arbitration clause (*Godare v. Sterling Steel Casting Co.* (1981), 96 Ill. App. 3d 601, 421 N.E.2d 925), and Developers' motion for summary reversal must be denied.

We believe our holdings here are consistent with general land trust property law. We have determined only that the parties involved in these appeals are obligated by the contract provisions to arbitrate their claims, based on the circumstances of this case, to determine their respective liabilities, if any. For the foregoing reasons, the orders of the trial court are affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.