NOTICE

Decision filed 10/27/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-10-0160

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| BRADLEY J. SCHMITZ, BETTIE A. SCHMITZ, ANDREA M. CONTE, f/k/a Andrea M. Huth, ADRIENNE A. LaCROIX, f/k/a Adrienne A. Huth, JEREMY G. SCHMITZ, VALERIE L. EISENHARDT, f/k/a Valerie L. Schmitz, and ERICA L. SCHMITZ, | ) ) ) ) ) ) ) ) | Appeal from the     Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 09-L-167 |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., d/b/a Merrill Lynch & Company, and JAMES MAHER, | ) ) ) ) ) | Honorable Lloyd A. Cueto, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The defendants–Merrill Lynch, Pierce, Fenner & Smith, Inc., doing business as Merrill Lynch & Company (Merrill Lynch), and James Maher–appeal, pursuant to Illinois Supreme Court Rule 307(a)(1) (188 Ill. 2d R. 307(a)(1)), the March 5, 2010, order of the circuit court of St. Clair County, which denied their motion to dismiss and compel the arbitration of the claims set forth in the first amended complaint filed by the plaintiffs–Bradley J. Schmitz, Bettie A. Schmitz, Andrea M. Conte, formerly known as Andrea M. Huth, Adrienne A. LaCroix, formerly known as Adrienne A. Huth, Jeremy G. Schmitz, Valerie L. Eisenhardt, formerly known as Valerie L. Schmitz, and Erica L. Schmitz. For the reasons that follow, we affirm.

1

The facts necessary to our disposition of this appeal are as follows. On October 26, 2009, the plaintiffs filed a first amended complaint in the circuit court of St. Clair County, naming Merrill Lynch and James Maher as defendants. The first amended complaint alleges the following relevant facts. The plaintiffs are beneficiaries under the Marvin F. Huth Revocable Trust dated November 21, 1997 (the Trust). The grantor, Marvin Huth, and his wife, Shirley Huth, served as cotrustees pursuant to the instrument that created the trust (Trust Agreement). On or about January 10, 1999, Shirley Huth died. Over a period of time, the Trust deposited with Merrill Lynch, through its employee, James Maher, an amount exceeding $2.364 million.

Subsequent to the death of his wife, Marvin Huth married Patricia Bartsokas-Huth. Thereafter, two amendments, which the complaint alleged were invalid, were made to the Trust Agreement, naming Patricia Bartsokas-Huth as a cotrustee and as a beneficiary. On or about April 3, 2004, Marvin Huth died, at which time the Merrill Lynch accounts contained in excess of $2.364 million. According to the first amended complaint, Patricia Bartsokas-Huth began depleting the Trust through a series of substantial, improper withdrawals following Marvin Huth's death, amounting to approximately $1 million. The complaint alleges causes of action against Merrill Lynch and James Maher for a breach of fiduciary duty and professional negligence for permitting multiple unauthorized withdrawals from the Trust by Patricia Bartsokas-Huth.

The Trust Agreement, attached to the complaint as Exhibit A, is entitled "Marvin F. Huth Revocable Trust" and was executed by Marvin F. Huth as the grantor and Shirley Huth as a trustee on November 21, 1997. The Trust Agreement provides for the payment of principal and income to Marvin Huth, as the grantor, during his lifetime, and upon his death, payment to his spouse or, if his spouse does not survive him, to his descendants. The Trust

2

Agreement specifically defines "spouse" as Shirley Huth and names Marvin Huth and Shirley Huth as cotrustees. The Trust Agreement enumerates specific administrative and investment powers given to the trustees, in addition to those created by statute.

On November 13, 2009, the defendants filed a motion to dismiss and compel arbitration. In support of the motion, the defendants submitted the affidavit of James Maher, a financial advisor for Merrill Lynch, who, prior to 2001, served as an investment representative for Edward Jones. According to the affidavit, Marvin Huth and his late wife Shirley Huth were clients of his since 1998. Shirley Huth passed away on January 10, 1999. When James Maher moved to Merrill Lynch in 2001, Marvin Huth transferred all of his accounts from Edward Jones to Merrill Lynch, including the account that is the subject of the instant lawsuit. To effect the transfer on behalf of the Trust, Marvin Huth executed a "Client Relationship Agreement" (CRA), one undated (First CRA) and one dated June 21, 2001 (Second CRA). Marvin Huth also executed a "Trustee Certification Form" dated May 18, 2001, in which he swore, under oath, that he was the trustee of the Trust and was capable and authorized to enter into the CRAs on behalf of the Trust.

According to James Maher's affidavit, sometime after 2001, Marvin Huth remarried, to Patricia Bartsokas-Huth. Before Marvin Huth passed away on April 3, 2004, he provided James Maher and Merrill Lynch copies of the February 7, 2003, "First Amendment to the Marvin Huth Revocable Living Trust" and the August 11, 2003, "Second Amendment to the Marvin Huth Revocable Living Trust," both of which are attached to James Maher's affidavit. The first amendment to the Trust provides, *inter alia*, that the home and its contents would be distributed upon Marvin Huth's death to his wife, Patricia Bartsokas-Huth. The second amendment to the Trust replaces cotrustee Shirley Huth with cotrustee Patricia Bartsokas-Huth. The second amendment also provides the following with regard to successor trustees:

3

"If Grantor shall become unable (by reason of death or incapacity)[] to act as trustee hereunder, then Patricia Bartsokas-Huth shall continue to serve as sole trustee. If she becomes unable to serve (by reason of death or incapacity), then The Merrill Lynch Trust Company (see Schedule A) shall serve as successor trustee."

The second amendment also states: "Grantor is married to Patricia Bartsokas-Huth. All references herein to Grantor's spouse shall be deemed to refer to Patricia Bartsokas-Huth." James Maher's affidavit states that on June 8, 2004, Patricia Bartsokas-Huth, as the trustee of the Trust, signed another CRA (Third CRA) and a trustee certification form, in which she swore, under oath, that she was the trustee of the Trust and was capable and authorized to enter into the Third CRA on behalf of the Trust.

A review of the CRAs attached to James Maher's affidavit reveals the following. The undated First CRA was signed by Marvin Huth individually, and the Second CRA, dated June 21, 2001, is labeled "Marvin F. Huth Trust" and is signed by Marvin Huth as the trustee. Both the First CRA and the Second CRA define "I," "my," and "me" to mean any person signing the CRA. In addition, both the First CRA and the Second CRA contain the following arbitration clause:

"I agree that all controversies that may arise between us shall be determined by arbitration. Such controversies include, but are not limited to, those involving any transaction in any of my accounts with you[] or the construction, performance[,] or breach of any agreement between us, whether entered into or occurring prior [to], on[,] or subsequent to the date hereof."

The June 8, 2004, Third CRA is signed by Patricia Bartsokas-Huth as the trustee of the Trust. The Third CRA defines "You" or "Your" as each person who has agreed to the terms of the CRA. The Third CRA also contains the following arbitration clause:

"You agree that all controversies that may arise between us shall be

4

determined by arbitration. Such controversies include, but are not limited to, those involving any transaction in any of your accounts with Merrill Lynch[] or the construction, performance[,] or breach of any agreement between us, whether entered into or occurring prior [to], on[,] or subsequent to the date hereof. This agreement to arbitrate all controversies does not constitute an agreement to arbitrate the arbitrability of any controversy between us, unless otherwise clearly and unequivocally required by the arbitration forum elected, as set forth below."

The circuit court entered an order on March 5, 2010, denying the defendants' motion to dismiss and compel arbitration. The order contains, however, no findings of fact or conclusions of law. On April 1, 2010, the defendants filed a timely notice of appeal.

ANALYSIS

Because the circuit court denied the defendants' motion to dismiss and compel arbitration without an evidentiary hearing, and solely on the basis of documentary evidence, our standard of review is *de novo*. See *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1099 (2009). In *Hollingshead*, this court explained the relative burdens of proof for a motion to dismiss and compel arbitration as follows:

" ' "A motion to compel arbitration and dismiss the lawsuit is essentially a motion pursuant to section 2-619(a)(9) [of the Illinois Code of Civil Procedure [citation]] to dismiss based on the exclusive remedy of arbitration." ' [Citation.] The right to arbitration is treated as 'affirmative matter' that defeats the claim. [Citation.] If the 'affirmative matter' asserted in a section 2-619 motion to dismiss is not apparent on the face of the complaint, the motion must be supported by affidavit. [Citation.] By presenting an affidavit supporting the basis for the motion, the defendant satisfies the initial burden of going forward on the motion, and the burden then shifts to the plaintiff. [Citation.] In order to establish that the motion is unfounded, a

5

counteraffidavit or other proof is necessary to refute the evidentiary facts properly asserted by the affidavit supporting the motion." 396 Ill. App. 3d at 1101-02.

Here, the defendants filed a motion to dismiss and compel arbitration and supported their motion with three CRAs, all of which contain arbitration provisions. The defendants also produced two amendments to the Trust Agreement. Finally, the defendants produced the affidavit of James Maher, which established the evidentiary foundation for all of these documents and provided other evidentiary facts concerning the surrounding circumstances of the transactions. In order to determine if the defendants met their initial burden of going forward on their motion, we must first determine whether these documents are sufficient to bind the plaintiffs, as beneficiaries of the Trust, to the arbitration provisions in the three CRAs. After reviewing the language of the CRAs in light of existing trust and contract law, we find that the plaintiffs have no contractual relationship with Merrill Lynch and thus cannot be compelled to arbitrate the instant action.

Illinois law makes clear that a trustee does not act as an agent for a beneficiary. *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.*, 101 Ill. App. 3d 502, 505 (1981). "Generally, a trustee, as holder of legal title of the trust estate, deals with it as principal and is personally liable on his contract." *Kessler, Merci, & Lochner, Inc.*, 101 Ill. App. 3d at 505. "He can protect himself from personal liability on the contract by stipulating that he is not to be personally liable and that the other party is to look solely to the trust estate." *Kessler, Merci, & Lochner, Inc.*, 101 Ill. App. 3d at 505 (citing *Barkhausen v. Continental Illinois National Bank & Trust Co. of Chicago*, 3 Ill. 2d 254 (1954), and *Schumann-Heink v. Folsom*, 328 Ill. 321 (1927)). Unless a trustee is also acting as an agent, he has no power to subject a beneficiary to liability in contract or in tort. *Merchants National Bank of Aurora v. Frazier*, 329 Ill. App. 191, 201 (1946). As explained by the court in *Kessler, Merci, & Lochner, Inc.*:

6

"Where the trustee is given full control in the management of the business of the trust, then the beneficiaries have no personal liability. Where, however, the beneficiaries retain control over the trustee and the management of the business in relation thereto, a different result is warranted. [Citations.] The trustee is regarded as the agent of the beneficiaries and they will be liable upon his contracts." 101 Ill. App. 3d at 505-06.

Because the plaintiffs did not have any control over the trustees or the management of the Trust, neither Marvin Huth nor Patricia Bartsokas-Huth was acting as an agent of the plaintiffs when they signed the CRAs. For this reason, the plaintiffs have no contractual relationship with Merrill Lynch and are not bound by the terms of the CRAs, including the arbitration clauses.

A review of the language of the CRAs themselves lends further credence to the conclusion that there is no contractual relationship between the plaintiffs, as contingent remainder beneficiaries of the Trust, and Merrill Lynch. Both the First CRA and the Second CRA define "I," "my," and "me" to mean any person signing the CRA. The Third CRA defines "You" or "Your" as each person who has agreed to the terms of the CRA. It is clear that the plaintiffs neither signed the CRAs nor agreed to their terms. The CRAs contain no language purporting to bind any heirs, beneficiaries, assigns, or any other party. For this reason, there is also no basis to find that the plaintiffs are third-party beneficiaries of the CRAs. Under Illinois law, in order for the plaintiffs to be considered third-party beneficiaries of the CRAs, the parties' intention to directly benefit them must be evidenced by an express provision in the contract identifying the plaintiffs as third-party beneficiaries. See *Wheeling Trust & Savings Bank v. Tremco Inc.*, 153 Ill. App. 3d 136, 140 (1987) (citing *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.*, 78 Ill. 2d 381, 385 (1980)). There is clearly no such provision in the CRAs. Accordingly, there is no basis to

7

compel the plaintiffs to submit to arbitration.

## CONCLUSION

For the foregoing reasons, we affirm the order of the circuit court that denied the defendants' motion to dismiss and compel arbitration.

Affirmed.

CHAPMAN and DONOVAN, JJ., concur.

NO. 5-10-0160

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| BRADLEY J. SCHMITZ, BETTIE A. SCHMITZ, ANDREA M. CONTE, f/k/a Andrea M. Huth, ADRIENNE A. LaCROIX, f/k/a Adrienne A. Huth, JEREMY G. SCHMITZ, VALERIE L. EISENHARDT, f/k/a Valerie L. Schmitz, and ERICA L. SCHMITZ, | ) ) ) ) ) ) ) ) | Appeal from the        Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 09-L-167 |
| MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., d/b/a Merrill Lynch & Company, and JAMES MAHER, | ) ) ) ) ) | Honorable Lloyd A. Cueto, |
| Defendants-Appellants. | ) | Judge, presiding. |

**Opinion Filed**: October 27, 2010

| | |
|---|---|
| **Justices**: | Honorable Stephen L. Spomer, J. |
| | Honorable Melissa A. Chapman, J., and Honorable James K. Donovan, J., Concur |

| | |
|---|---|
| **Attorneys for Appellants** | Robert J. Will, Winthrop B. Reed, III, Vincent D. Reese, Lewis, Rice & Fingersh, 600 Washington Avenue, Suite 2500, St. Louis, MO 63101 |

| | |
|---|---|
| **Attorneys for Appellees** | Joseph R. Dulle, Stone, Leyton & Gershman, P.C., 7733 Forsyth Blvd., Suite 500, St. Louis, MO 63105; Stephen J. Telken, Schoen, Walton, Telken & Foster, LLC, 412 Missouri Avenue, East St. Louis, IL 62201 |