No. 3--97--0833

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

CONSTANTINE P. XINOS, ) Appeal from the Circuit Court

                  ) of Du Page County.

     Plaintiff-Appellee,        )

                                )  No. 97--MR--170

v. )

)

THE VILLAGE OF OAK BROOK,       )  Honorable 

) Robert E. Byrne,

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The defendant, the Village of Oak Brook (the village), appeals the circuit court of Du Page County's order granting summary judgment to the plaintiff, Constantine Xinos, on his complaint for a declaratory judgment.  The village contends that the trial court erred by concluding that a restrictive covenant required a binding referendum before the village could build a library on property it owns.  The village claims that the advisory referendum the village held was sufficient to satisfy the requirements of the restrictive covenant.  Alternatively, the village contends that the court erred in concluding that it could not build the library as a matter of right pursuant to other provisions of the covenant.

The village owns a 269-acre parcel commonly known as the Sports Core.  The tract currently contains an occupied home, an empty house, a tennis-swimming complex and clubhouse, the Oak Brook Golf Club course and clubhouse, and various maintenance buildings.   The Butler Company conveyed the Sports Core tract to the village in 1977.  The deed contains the following restrictions:

"By its acceptance of this deed, Grantee covenants that all of the real estate hereunder shall be kept, maintained, and preserved substantially in its present state.  No further structures or improvements of any kind shall be erected or permitted on the land; provided, however, that this covenant shall not restrict or prevent the creation of additional bicycle and/or bridle paths on the real estate, the expansion and redevelopment of the present Executive Golf Course, or the installation, erection, or construction by or on behalf of the Village of sports, other recreational, flood control, storm water management or other such public purpose facilities, structures, or improvements, temporary or permanent.  Grantee further covenants, except as otherwise hereinafter provided, that no partition or division of the real estate shall be made, nor shall any conveyance be made of less than all of the real estate, it being the intent of the parties that the real estate be continued to be held as a single, unitary tract.  It is the express intent of Grantor, and the agreement of Grantee, except as otherwise hereinafter provided, that the real estate be preserved as one whole parcel, for open green areas, natural wooded areas, sports, recreational, flood control, storm water management, and other such public uses.  Except as otherwise hereinafter provided, this covenant shall be perpetual and the burden shall run with the land and be binding on all of the Grantee's successors and assigns.  The benefit of this covenant shall be in gross and shall run in favor of all bodies and individuals, public and private, in the Village of Oak Brook, Du Page and Cook Counties, Illinois, and shall be enforceable both at law and at equity.

Notwithstanding anything hereinbefore contained to the contrary, the Village of Oak Brook, its successors, or assigns, may at any time and from time to time dispose of in any legitimate manner all or any part of the real estate and improvements herein conveyed to the Village for use for any legitimate purpose, provided that any such disposition has first been authorized by a majority of the electors of the Village voting at an election specifically called for that purpose in accord with then applicable state and local laws; provided, however, that no such disposition shall be made within ten (10) years of November 1, 1977 without the prior written consent of the Butler Company; provided, further, that since Paul Butler intended that the Village should be able if it should in the future deem it necessary or desirable to dispose of a small portion of the property acquired in order to reduce or eliminate the need to impose property taxes to pay for said property, Butler Company, for itself and its successors and assigns hereby consents to any such disposition up to a cumulative total of eighty (80) acres."

At some point, the village became interested in expanding its library.  The present library is housed in a 5,000-square-foot building constructed in 1921.  According to the village, the site is too small to accommodate a new building or a large addition.

The village's attempts to secure another site within the village proved fruitless, and it began to consider using a portion of the Sports Core site.  The village's current proposal calls for a 24,000-square-foot library and a parking lot on three acres of the Sports Core formerly used as a stable.

On November 5, 1996, the village presented the following ballot proposition to Oak Brook voters:

"Shall the Village of Oak Brook utilize funds available in its general corporate fund, in the amount of approximately $3.5 million, to construct and equip a new public library at a site located at the Oak Brook Sports Core, on the north side of Oak Brook Road (31st Street) approximately 2,500 feet west of York Road?"

On November 12, 1996, the Canvassing Board declared that 2,169 votes were cast in favor of and 2,006 votes were cast against the proposition.  Accordingly, on January 28, 1997, the Oak Brook Village Board voted to negotiate for architectural services to construct a library on the Sports Core site.

On March 17, 1997, the plaintiff filed the present action.  The complaint alleges that the plaintiff is a resident of and owns real estate in the village.  The complaint further alleges that the construction of the library would violate the covenant and would cause permanent injury to the plaintiff and other residents of the village.  The plaintiff sought a declaratory judgment that the construction would violate the covenant and asked for injunctive and other relief.

Both parties moved for summary judgment.  With its motion, the village submitted affidavits to the effect that a library should be considered a recreational facility.

After hearing arguments, the court granted the plaintiff's motion.  The court enjoined the village from proceeding with the construction of the library "until it gains approval through a binding referendum."  The village filed a timely notice of appeal.

The village first contends that the court erred in finding that the covenant required a binding referendum.  It points out that the covenant does not specifically call for a binding referendum but only mandates that the village's use of the property be "authorized by a majority of the electors *** in accord with then applicable state and local laws."  The village further contends that the applicable state law does not permit a binding referendum for questions such as this one but allows only an advisory referendum.

A restrictive covenant should be construed to give effect to the parties' actual intention at the time it was made.  
Streams Sports Club, Ltd. v. Richmond
, 99 Ill. 2d 182, 188 (1983); 
Westfield Homes, Inc. v. Herrick
, 229 Ill. App. 3d 445, 451 (1992).  In general, covenants should be strictly construed in favor of the full and unlimited use of property; however, the rule of strict construction will not be applied to defeat the covenant's obvious purpose.  
Westfield Homes
, 229 Ill. App. 3d at 451.  The parties' intent can best be determined by their express contractual provisions.  
Nassau Terrace Condominium Ass'n v. Silverstein
, 182 Ill. App. 3d 221, 224 (1989).

The Election Code provides that public policy questions "which have any legal effect shall be submitted to referendum only as authorized by a statute which so provides or by the Constitution."  10 ILCS 5/28--1 (West 1996).  Advisory questions of public policy may be submitted pursuant to section 28--5 of the Election Code.  10 ILCS 5/28--1, 28--5 (West 1996).  The parties have not cited, nor has our research disclosed, any statute or constitutional provision that would authorize a binding referendum for a question such as the one presented.  The parties do not dispute that the village followed the provisions of section 28--5 for placing the question on the November 5, 1996, ballot.  Because the voters approved the proposition, we find that the village obtained approval of the measure "in accord with then applicable state and local laws."

The plaintiff argues that the trial court's order can be affirmed for other reasons.  First, the plaintiff contends that the second paragraph of the covenant only authorizes the village to "dispose of" the property.  According to the plaintiff, the covenant does not authorize the proposed library because the village will still own the property.  The plaintiff insists that the village can only dispose of the property by transferring title to some other entity.

The village responds that a second meaning of "dispose" is to "exercise finally one's control over" and that constructing a library on the Sports Core tract would be a final exercise of the village's control over it.  The village points out that it could accomplish the same result by creating an independent library district and transferring title to it.  However, creating a separate taxing body would waste tax money, contrary to the covenant's express intent.

A covenant is a contract (20 Am. Jur. 2d 
Covenants
 §1 (1995)), and the ordinary rules of contract construction apply to the interpretation of a covenant (20 Am. Jur. 2d 
Covenants
 §9 (1995)). If the terms of a contract are clear and unambiguous, a court will give them their natural and ordinary meanings.  
Old Kent Bank-St. Charles N.A. v. Surwood Corp.
, 256 Ill. App. 3d 221, 228 (1994).  One definition of "dispose of" is "to transfer to the control of another."  Webster's Ninth New Collegiate Dictionary 365 (1990).  However, the same dictionary also defines the phrase as "to deal with conclusively."  Webster's Ninth New Collegiate Dictionary 365 (1990).  Similarly, Black's Law Dictionary defines "dispose of" as "[t]o exercise finally, in any manner, one's power of control over ***."  Black's Law Dictionary 471 (6th ed. 1990).

We reject the plaintiff's contention that the covenant evidences an intention to adopt only the more restrictive definition.  The village’s construction is equally plausible, and nothing in the covenant suggests an intention to adopt a more restrictive definition.  In any event, the rule of construction in favor of the unfettered use of land would require us to adopt the village's proposed construction.

The plaintiff also contends that the referendum question posed by the village was "vague and not binding."  We have already determined that the advisory referendum satisfied the covenant.  Moreover, the question was not so vague or abstruse as to leave the voters unable to understand the proposition on which they were voting.  The ballot proposition clearly sets forth the nature of the proposed building, the location on which it is to be constructed, and the proposed cost.

The plaintiff suggests that the voters should have been told that the library could not have been built without their approval or that the trustees had agreed to follow the voters' recommendation.  Whatever the truth or desirability of these additional disclosures, the covenant simply did not require them.  As noted previously, restrictive covenants must be strictly construed in favor of the unfettered use of land.  Where a nonparty, such as the plaintiff, seeks to enforce a covenant, he is in essence a third-party beneficiary to a contract.  20 Am. Jur. 2d 
Covenants
 §257 (1995).  A third-party beneficiary must take the contract as he finds it and can get no more than the signatories provided.  
Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service, Inc.
, 870 F.2d 1148, 1151 (7th Cir. 1988); see also 
Fitzwilliam v. 1220 Iroquois Venture
, 233 Ill. App. 3d 221, 234 (1992) (contract must be enforced according to its terms and court cannot compel party to do more than he agreed to in his contract).  Here, the parties to the covenant chose to provide only that voter approval was required prior to a disposition of the property; they did not attempt to prescribe any particular language for the ballot proposition.  Arguably, explaining all the possible ramifications of a vote would have made the ballot question more, rather than less, confusing.  In any event, the village did all that was required by the covenant.  The plaintiff may not seek to impose additional requirements to which the parties did not agree.

In summary, we conclude that the village complied with the covenant by obtaining voter approval of the proposed transaction as provided for by the applicable statutes.  The trial court erred in imposing the additional requirement of a binding referendum.  Because of our disposition of this issue, we need not decide whether the village could have built the library under the first paragraph of the covenant permitting the property to be developed for "recreational" uses.

The judgment of the circuit court of Du Page County is reversed, and summary judgment is hereby entered for the village.

Reversed.

INGLIS and DOYLE, JJ., concur.