# Illinois Official Reports

## Appellate Court

---

> ### *Siena at Old Orchard Condominium Ass'n v. Siena at Old Orchard, L.L.C.*,
> ### 2018 IL App (1st) 182133

---

Appellate Court
Caption

SIENA AT OLD ORCHARD CONDOMINIUM ASSOCIATION
and THE BOARD OF DIRECTORS OF THE SIENA AT OLD
ORCHARD CONDOMINIUM ASSOCIATION, Plaintiffs-
Appellees, v. SIENA AT OLD ORCHARD, L.L.C.; LENNAR
CHICAGO, INC.; and LARRY KEER, Individually, Defendants
(Siena at Old Orchard, L.L.C., and Lennar Chicago, Inc., Defendants-
Appellants).

District & No.

First District, Fourth Division
Docket No. 1-18-2133

Filed
Rehearing denied

December 27, 2018
February 13, 2019

Decision Under
Review

Appeal from the Circuit Court of Cook County, No. 18-L-2670; the
Hon. Patrick J. Sherlock, Judge, presiding.

Judgment

Reversed.

Counsel on
Appeal

Shawn M. Doorhy, Colby A. Kingsbury, and Anna C. Covert, of
Faegre Baker Daniels LLP, of Chicago, for appellants.

Diane J. Silverberg, of Kovitz Shifrin Nesbit, of Chicago, for
appellees.

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1       The instant appeal arises from a dispute over whether the condominium declaration for the Siena at Old Orchard Condominium requires the parties—the condominium association, the developer, and the management company—to submit disputes to mediation and then, if not settled, to arbitration rather than filing suit in the circuit court. We previously addressed the validity of an amendment to the declaration that removed the arbitration requirement, finding the amendment to be effective. *Siena at Old Orchard Condominium Ass'n v. Siena at Old Orchard, L.L.C.*, 2017 IL App (1st) 151846. The issue that arises on this appeal is whether that amendment is retroactive, given that the date of the events that gave rise to the complaint in the instant case arose prior to the effective date of the amendment. The trial court found that, based on our prior opinion, the amendment was retroactive, such that the process of mediation and then arbitration of the instant dispute was not required. For the reasons that follow, we reverse the trial court and find that the preamended version of the declaration governs the instant dispute.

¶ 2                                         I. BACKGROUND

¶ 3       As noted, the instant case previously came before us in *Siena at Old Orchard Condominium Ass'n v. Siena at Old Orchard, L.L.C.*, 2017 IL App (1st) 151846. We provided a detailed recitation of the allegations of the complaint in our prior opinion and repeat here only those facts relevant to the issues present in this appeal. On July 17, 2013, plaintiffs, Siena at Old Orchard Condominium Association and its board of directors (collectively, the Association), filed an eight-count complaint against defendants, Siena at Old Orchard, L.L.C., and Lennar Chicago, Inc. (collectively, the developers).[1] The complaint alleges that Siena at Old Orchard, L.L.C., was the developer of Siena at Old Orchard Condominium, a residential condominium complex located in Skokie, and that Lennar Chicago, Inc., was the developer's manager. The Association was established on July 24, 2006, and from its formation until March 2007, it was governed by a board of directors appointed by the developer. In March 2007, control of the Association was transferred from the initial developer-appointed board to a board of directors elected by the unit owner membership. Larry Keer was the president of the Association's board of directors on July 18, 2008.

¶ 4       The complaint alleges that the common elements of the building were experiencing problems with water infiltration, caused by improper construction, including the exterior walls of the building, which were experiencing severe cracking and deterioration. The complaint alleges that after the turnover of the board of directors, some of the unit owners retained a

_____

[1]The complaint also named as a defendant Larry Keer, the president of the Association's initial board of directors. However, the counts aimed at him are not at issue on appeal, and Keer is not a party to the instant appeal.

consultant to investigate the cause of water infiltration problems that were being experienced. During the course of his investigation, "the consultant performed several tests and made exploratory investigations into the common elements of the building to determine the causes of the leaks." The consultant issued a report to the Association in May 2010, identifying "defective" portions of the property, including the asphalt paving, the exterior masonry walls, the masonry expansion joints, and balcony deck membranes. The complaint further alleges that "[t]his is the first time that the post developer Board became aware that there [were] defects at the Association that were attributable to the developer's defective development of the Association." These construction defects were "affecting the structural integrity of the building and its common elements." Furthermore, the complaint alleges, "the manner in which several portions of the building were installed and constructed is contrary to the architectural drawings and specifications prepared for the Association building."

¶ 5        The complaint alleges that prior to the turnover, the developer and the initial board had actual knowledge of the construction defects in the common elements, but that "[t]he unit owner controlled board did not have knowledge of these construction defects until after" the May 2010 report by the Association's consultant. However, despite having knowledge of the construction defects, the developer and the initial board "failed to inform the post developer Board of the fact that the defective conditions at the Association were caused by the defective development, design and construction of the Condominium." The complaint set forth a total of eight counts, including breach of fiduciary duty, breach of contract, breach of the warranty of habitability, and breach of the implied warranty of good workmanship and materials.

¶ 6        Attached to the complaint was the declaration of condominium ownership for Siena at Old Orchard Condominium, recorded on July 24, 2006. Article 12 of the declaration was entitled "Dispute Resolution," and contained five sections. Under section 12.02, the parties "covenant[ed] and agree[d] to submit those Claims, grievances or disputes described in Section 12.03 (collectively, 'Claims') to the procedures set forth in Section 12.04." The "Claims" referred to in section 12.02 of the declaration were set forth in section 12.03, which was entitled "Claims." Section 12.03 provided, in relevant part:

"[A]ll claims between any of the Bound Parties regardless of how the same might have arisen or on what it might be based, including but not limited to Claims (a) arising out of or relating to the interpretation, application or enforcement of the provisions of the Act, this Declaration, the By-Laws and reasonable rules and regulations adopted by the Board or the rights, obligations and duties of any bound Party under the provisions of the Act, this Declaration, the By-Laws and reasonable rules and regulations adopted by the Board, (b) relating to the design or construction of improvements; or (c) based upon any statements, representations, promises, warranties, or other communications made by or on behalf of any bound Party shall be subject to the provisions of Section 12.04."

¶ 7        Section 12.04 set forth the procedure the parties agreed to follow in the event a claim arose. As relevant to the instant appeal, section 12.04(b)(iv), entitled "Dispute Resolution," provided:

"Any dispute (whether contract, warranty, tort, statutory or otherwise) including, but not limited to (a) any and all controversies, disputes or claims arising under, or related to, the Purchase Agreement, the Unit, or any dealings between the Declarant and Owner ***, (b) any controversy, dispute or claim arising by virtue of any representations, promises or warranties alleged to have been made by Declarant or Declarant's representative, and (c) any personal injury or property damage alleged to

have been sustained by Purchaser on the Property (hereinafter individually and collectively referred to as 'disputes' or 'Claims'), shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided in Paragraphs 12.04(c) and 12.04(d) below and as provided by the Federal Arbitration Act (9 U.S.C. Section 1 *et seq.*) or applicable state law relating to arbitration and not by or in a court of law."

¶ 8    Also included within the declaration was a document entitled "Amendment of the Declaration of Condominium Ownership for Siena Old Orchard Condominium Association." Pursuant to the amendment, article 12 of the declaration was deleted in its entirety. The document was signed by the president of the Association and stated that "[t]his Amendment shall be effective upon recordation in the Office of the Recorder of Deeds of Cook County, Illinois"; the recordation date on the document was August 30, 2011.

¶ 9    On August 28, 2013, and on October 9, 2013, Keer and the developers, respectively, filed motions to dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2012)), on the basis that article 12 of the declaration deprived the trial court of jurisdiction and required the parties to submit the dispute to arbitration. On February 13, 2014, the trial court granted the motions to dismiss without prejudice, finding that the amendment removing article 12 was not valid because the declaration required the developer's express written consent prior to any amendments. On February 26, 2014, the Association filed a motion to reconsider, arguing that section 27(a)(i) of the Condominium Property Act (Act) (765 ILCS 605/27(a)(i) (West 2012)) rendered the provision requiring the developer's consent invalid. On May 8, 2014, the trial court granted the motion to reconsider and found that the amendment was valid.

¶ 10    On May 29, 2014, the Association filed an amended complaint, followed by a second amended complaint on September 10, 2014, in which the Association added allegations that it had not sent any notices under the declaration that would have triggered the mediation/arbitration requirements. On September 24, 2014, the developers filed another motion to dismiss, claiming, *inter alia*, that the Association had sent a letter to the developer that constituted notice to trigger the mediation/arbitration process and had therefore waived its claims by failing to submit the claims to mediation within the allotted time requirement. On November 4, 2014, the trial court granted the motion to dismiss with prejudice, finding that the letter triggered the mediation/arbitration process as delineated in article 12 of the original declaration.

¶ 11    The Association appealed,[2] and on appeal, we reversed. In our analysis, we first set forth the issues raised by the Association on appeal and by the developers on their cross-appeal. Specifically, we noted that the Association was challenging the trial court's finding that the letter sent by the Association's attorney constituted "notice" such that it triggered the dispute resolution procedure under article 12 of the declaration and that the developers were challenging the trial court's finding that section 27 of the Act invalidated the provision of the declaration requiring the developer's consent to any amendments. See *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 45.

---

[2]In addition to the Association's appeal, we also considered a cross-appeal by the developers concerning the trial court's award of attorney fees.

¶ 12    We began by considering whether the letter sent by the Association's attorney constituted "notice" such that it triggered the dispute resolution process. We looked to the language of the declaration concerning the requirements for notice and compared those requirements to the contents of the letter sent by the attorney. Upon doing so, we found that the letter did not satisfy the requirements for "notice" and, therefore, did not trigger the dispute resolution process. Thus, since the dispute resolution process was not triggered by the sending of a notice, the Association's claims could not have been waived by its failure to submit the claims to mediation within the specified time period. Accordingly, we found that the trial court had erred in dismissing the complaint on this basis. See *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 61.

¶ 13    After having concluded that the Association's claims had not been waived, we proceeded to consider whether the amendment to the declaration was prohibited by the declaration's requirement that the developer consent to any amendments. We noted that the trial court had found that the restriction on amendments conflicted with section 27 of the Act, rendering the restriction void. We looked to the language of the statute, including comparing it with other provisions within the Act, in order to determine whether section 27 prescribed the only way to amend declarations, and concluded that it did. Consequently, we found that the additional restriction on amendments was not permitted under the Act and that the Association was permitted to amend the declaration to remove article 12. *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 71. Specifically, we found:

> "As we have concluded, the plain and clear language of section 27(a) of the Act provides the only method for amending the declaration and section 12.05 seeks to impose alternate, more severe, restrictions. This is not permitted by the Act and, accordingly, the trial court properly found that the amendment removing article 12 in its entirety was valid. Since the amendment was valid, the Association was not required to submit its claims to mediation or arbitration prior to filing the instant lawsuit." *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 71.

¶ 14    We also considered whether releases signed by Keer provided an alternate basis for affirming the dismissal of the complaint and concluded that they did not. Accordingly, we reversed the trial court's dismissal of the complaint. *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 87.

¶ 15    On April 25, 2018, the Association filed a third amended complaint, which added counts of unjust enrichment against the developers and against Keer. On May 31, 2018, the developers filed a combined motion to dismiss the third amended complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)), arguing that the amendment had no effect on the applicability of the arbitration requirement because the dispute between the parties arose no later than August 2010, a year prior to the amendment. To the extent that our opinion could be read to suggest otherwise, the developers argued that such a holding was in conflict with a subsequently-issued United States Supreme Court opinion in *Kindred Nursing Centers Ltd. Partnership v. Clark*, 581 U.S. ___, 137 S. Ct. 1421 (2017), and that section 27 of the Act could not be "used as a tool to strip the arbitration provisions in the Declaration from controlling in this dispute."

¶ 16    On September 12, 2018, the trial court entered an order denying the developers' motion to dismiss the third amended complaint. In its analysis, the court interpreted our prior opinion as

implicitly finding that the amendment of the declaration would apply retroactively.

¶ 17                                    II. ANALYSIS

¶ 18        On appeal, we are asked to consider one issue: whether the amendment to the declaration, which removed the alternative dispute resolution procedure, applies to the Association's claims in the instant case, which admittedly occurred prior to the effective date of the amendment. While this court normally has jurisdiction to consider only final orders of the trial court (see Ill. S. Ct. R. 301 (eff. Feb. 1, 1994)), Illinois Supreme Court Rule 307 provides for the appealability of certain types of interlocutory orders (see Ill. S. Ct. R. 307 (eff. Nov. 1, 2017)). Specifically, Rule 307(a) provides that an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction" is appealable as of right. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). An order denying a motion to dismiss a complaint on the basis of an arbitration clause has been found to be an order denying an injunction for purposes of Rule 307. See, *e.g.*, *Ward v. J.J.B. Hilliard, W.L. Lyons, LLC*, 2018 IL App (5th) 180214, ¶ 16; *Zurich American Insurance Co. v. Personnel Staffing Group, LLC*, 2018 IL App (1st) 172281, ¶ 10; *Midland Funding, LLC v. Raney*, 2018 IL App (5th) 160479, ¶ 1. Accordingly, we have jurisdiction to consider the present appeal.

¶ 19        In the case at bar, both the trial court below and the Association on appeal primarily rely on the claim that we decided this question in the prior appeal. The Association thus claims that our prior opinion was the law of the case such that further litigation of the issue is barred. "Under the law-of-the-case doctrine, generally, a rule established as controlling in a particular case will continue to be the law of the case, as long as the facts remain the same." *People v. Patterson*, 154 Ill. 2d 414, 468 (1992); see *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006). "The doctrine applies to questions of law and fact and encompasses a court's explicit decisions, as well as those decisions made by necessary implication." *American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*, 2014 IL App (1st) 121895, ¶ 17. However, "a ruling will not be binding in a subsequent stage of litigation when different issues are involved, different parties are involved, or the underlying facts have changed." *American Service Insurance*, 2014 IL App (1st) 121895, ¶ 17.

¶ 20        We agree with the developers that our prior opinion did not decide the question present in the instant appeal. Both parties pick and choose selective quotes from our opinion in support of their interpretations of the decision, and we do not fully agree with either party's interpretation. However, the simple fact remains that this was not the question presented to this court on the prior appeal. The trial court, at that point, had dismissed the complaint because it had found that the letter sent by the Association's attorney had triggered the dispute resolution process and that the Association had failed to comply with that process, thereby waiving its claims. See *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 50. This was the first question considered, and decided, by this court. See *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶¶ 49-61. Since the dispute resolution process had not been triggered, we proceeded to consider the developers' argument that the amendment to the declaration, removing the mandatory mediation/arbitration requirements, was ineffective given the declaration's requirement that the developer consent to any amendments. See *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶ 63. We therefore considered the language of section 27 of the Act and its effect on the declaration and concluded that the restriction on amendments violated the Act and that the Association was permitted to amend the declaration without the developer's consent. See

*Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶¶ 62-71.[3] We did not make any rulings on the retroactive application of the amendment, nor were we asked to do so.[4] Accordingly, we cannot find anything in our prior opinion that would answer the question presented by the instant case and proceed to consider the retroactivity question on its merits.

¶ 21　　Condominium declarations are covenants running with the land. *La Salle National Trust, N.A. v. Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d 449, 455 (1997). "A covenant is a contract to which the ordinary rules of contract construction apply." *Chiurato v. Dayton Estates Dam & Water Co.*, 2017 IL App (3d) 160102, ¶ 28; *Xinos v. Village of Oak Brook*, 298 Ill. App. 3d 520, 524 (1998). "In interpreting a covenant, the goal of the court is to give effect to the actual intent of the parties when the covenant was made." *Neufairfield Homeowners Ass'n v. Wagner*, 2015 IL App (3d) 140775, ¶ 16.

¶ 22　　In the case at bar, there is no dispute that, as alleged in the complaint, the Association became aware of its claims against the developers after the May 2010 report commissioned by the members of the Association, in which the consultant identified a number of alleged construction defects. There is also no dispute that the initial version of the declaration, recorded in July 2006, provided for mandatory mediation first, then arbitration if the matter was not resolved. Finally, there is no dispute that the amendment removing the mediation/arbitration requirement was recorded on August 30, 2011, and that the amendment stated that it "shall be effective upon recordation in the Office of the Recorder of Deeds of Cook County, Illinois." Thus, there is no dispute that, when the Association's cause of action arose,[5] the version of the declaration then in effect was the preamendment version, which contained the mediation/arbitration requirement. It follows, then, that the dispute resolution procedure set forth in the version of the declaration that was in effect at the time would govern the resolution of the claim—in other words, since the mediation/arbitration requirement was still in effect at the time, it would apply. We note that the amendment itself did not provide for retroactive application, even though it would have been permitted under the terms of the Act. See 765 ILCS 605/17(a) (West 2010) ("An amendment of the declaration or bylaws shall be deemed effective upon recordation unless the amendment sets forth a different effective date."). Accordingly, we must presume that the Association was aware that its amendment would apply only to future disputes. Consequently, we reverse the trial court's judgment and find that the instant dispute is subject to the preamended version of the declaration.

---

[3]We then considered whether certain releases executed by Keer provided an alternate basis for dismissal. See *Siena at Old Orchard*, 2017 IL App (1st) 151846, ¶¶ 72-83. However, this issue is not before us on the instant appeal.

[4]In the briefing on the prior appeal, the closest the parties came to this argument was the developers' argument that the Association's claims had already been waived *by its noncompliance with the terms of the provision after it had been triggered* by the time the amendment became effective. Thus, this argument was still in the context of determining whether the process had been "triggered" and, given that we determined that it had not, would not have required us to analyze any issues of retroactivity.

[5]We note that the Association does not challenge the developers' use of the May 2010 report as the relevant date for purposes of determining when its cause of action arose.

## III. CONCLUSION

For the reasons set forth above, since the Association's cause of action arose prior to the amendment of the declaration, and since the amendment affected only future disputes, the present dispute was governed by the preamended version of the declaration and, therefore, was subject to the mandatory mediation/arbitration requirements.

Reversed.