NOTICE
Decision filed 02/18/21. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2021 IL App (5th) 190327

NO. 5-19-0327

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| CYNTHIA HARTZ, Individually, and as Parent and Next Friend of L.R., a Minor; and JAMES RITCHIE, | ) ) ) ) | Appeal from the Circuit Court of Jackson County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 18-L-35 |
| BREHM PREPARATORY SCHOOL, INC.; BRIAN BROWN, Ph.D., its Director; and RICHARD COLLINS, Ph.D., | ) ) ) ) | Honorable |
| Defendants-Appellants. | ) ) | Christy W. Solverson, Judge, presiding |

PRESIDING JUSTICE BOIE delivered the judgment of the court, with opinion.
Justices Cates and Wharton concurred in the judgment and opinion.

**OPINION**

¶ 1     The plaintiffs, Cynthia Hartz, individually, and as parent and next friend of L.R., a minor, and James Ritchie, filed a complaint against the defendants, Brehm Preparatory School, Inc. (Brehm), Dr. Brian Brown, Ph.D., and Dr. Richard Collins, Ph.D.,[1] alleging claims stemming from Brehm's expelling of Hartz's minor child, L.R., from Brehm's private boarding school for learning disabled children. Brehm moved to dismiss the plaintiffs' complaint on the basis that the contractual agreement between Hartz and Brehm required Hartz to arbitrate the claims raised in

_____

[1]This court has been asked to review the trial court's ruling denying the defendants' motion to dismiss. For purposes of the trial court's ruling on the validity of the arbitration agreement, the defendants' position is consistent. Therefore, we will refer to the defendants in this matter collectively as Brehm.

1

the plaintiffs' complaint. Brehm appeals from the trial court's order denying their combined motion to dismiss the plaintiffs' complaint and for sanctions. For the reasons that follow, we reverse and remand for further proceedings consistent with this decision.

¶ 2                                  I. BACKGROUND

¶ 3     Brehm operates a private boarding school in Carbondale, Illinois, that provides educational and boarding school services for children with learning disabilities. Codefendant Dr. Richard Collins, Ph.D., served as Brehm's director, and codefendant Dr. Brian Brown, Ph.D., served as Brehm's executive director.

¶ 4     Hartz and Ritchie are husband and wife and reside in Pennsylvania along with Hartz's minor child, L.R. L.R. suffers from learning disabilities and other diagnoses which made him a potential candidate for services at Brehm's school. In the spring of 2017, Hartz began making arrangements for L.R.'s ninth grade school year. Hartz and L.R. traveled to Carbondale on April 21, 2017, to tour Brehm's facilities and meet with the school's leadership. During the visit, Collins met with L.R. and informed Hartz that L.R. was a fit for Brehm's program.

¶ 5     Brehm furnished Hartz with an unsigned copy of the Brehm contract, which set out the proposed terms of an agreement between Hartz and Brehm concerning L.R.'s ninth grade education at Brehm for the 2017-18 school year. According to Hartz, she reviewed the Brehm contract and concluded that the agreement was "patently unfair" and "completely one sided." Therefore, Hartz contacted Brehm and raised objections to the terms of the agreement with Brehm's controller and agent, Clatus Bierman. Hartz maintains that she asked Bierman whether the terms of the contract were negotiable, and Bierman told Hartz that any proposed changes would need to be discussed with Brown and that any discussions would have to take place on August 26

2

and 27, which was the weekend students, including L.R., were to move into the facility for the school year.

¶ 6    On August 26, 2017, the move-in weekend, Hartz and L.R. travelled to Carbondale, Illinois, to move L.R. into his dormitory at Brehm. Hartz met with Brown, who told Hartz to "either sign the agreement" in the proposed form or "go home." Hartz signed the Brehm contract; Ritchie did not.

¶ 7    The Brehm contract provided that Hartz would pay Brehm $77,500 in tuition for the 2017-18 school year, running from August 26, 2017, to June 2, 2018. Hartz and Ritchie paid the tuition in full, and L.R. began ninth grade at Brehm's school.

¶ 8    The Brehm contract, which was drafted by Brehm, contained an arbitration clause, which provided:

> "ARBITRATION. Any dispute, controversy or claim arising out of or relating in any way to the Agreement, including without limitation any dispute concerning the construction, validity, interpretation, enforceability or breach of the Agreement, shall be exclusively resolved by binding arbitration upon a Party's submission of the dispute to arbitration. In the event of a dispute, controversy or claim arising out of or relating in any way to the Agreement, the complaining Party shall notify the other Party in writing thereof. Within thirty (30) days of such notice, the Parties shall attempt to resolve the dispute in good faith. Should the dispute not be resolved within thirty (30) days after such notice, the complaining Party shall seek remedies exclusively through arbitration. The demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question

3

has arisen, and in no event shall it be made after two years from when the aggrieved party knew or should have known of the controversy, claim, dispute or breach.

This agreement to arbitrate shall be specifically enforceable. The arbitration shall be conducted by one arbitrator. If the Parties are not able to agree upon the selection of an arbitrator, within twenty (20) days of commencement of an arbitration proceeding by service of demand for arbitration, each party shall select an arbitrator and the designated arbitrators shall independently select the arbitrator that will handle the arbitration. If the designated arbitrators cannot agree on the selection of the arbitrator within twenty (20) days of their appointment, the American Arbitration Association shall select such arbitrator in accordance with the terms of this agreement and its rules. The arbitration shall be conducted in accordance with the then existing Commercial Rules of the American Arbitration Association. The arbitration shall be conducted in Carbondale, Illinois.

The laws of the state of Illinois shall be applied in any arbitration proceedings, without regard to principles of conflict of laws."

¶ 9 In a separate section, at paragraph 11, the Brehm contract contained the following language:

"BREACH OF CONTRACT: In the event Parent defaults on any obligation pursuant to this Agreement, including the obligation for payment of money due and owing or any other obligation, and in the event Brehm is required to employ the services of an attorney due to the default, in addition to all other rights and remedies available at law or in equity, Brehm shall also be entitled to recover its reasonable

4

attorneys' fees, costs of litigation, and cost of collection, including attorneys' fees incurred in efforts to collect after judgment.

In the event Parent defaults on any obligation for the payment of money due and owing to Brehm, and such default is not cured within ten (10) business days after Parent's receipt of written notice of default, then Brehm, at its sole option, may immediately dismiss Student and require Student to immediately vacate Brehm's premises and return home at Parent's cost.

In the event of such dismissal for breach of contract, all tuition fees, costs, etc. shall be due and payable in accordance with the provisions of this Agreement."

¶ 10    On or about October 28, 2017, Hartz attended a parent's weekend function at Brehm's school. At the function, Brehm's management informed Hartz that they had determined that L.R. was not a fit for Brehm's program, and that L.R. would have to leave the school immediately. Collins and Brown told Hartz that L.R. would no longer be allowed to attend Brehm. Brehm removed L.R. from Brehm's program after L.R. attended 56 days of the 245-day school year.

¶ 11    On April 10, 2018, the plaintiffs filed a six-count complaint against Brehm. The plaintiffs alleged claims based on breach of contract, unjust enrichment, and professional negligence. Brehm moved to dismiss the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2018)) and for sanctions. Brehm's motion to dismiss argued, among other things, that the Brehm contract contained an arbitration clause that required the plaintiffs' claims to be submitted to arbitration.

¶ 12    In their response to the motion to dismiss, the plaintiffs argued that the arbitration clause was both substantively and procedurally unconscionable, as was the Brehm contract as a whole, and that their tort law claims were not subject to the arbitration clause.

5

¶ 13    On November 14, 2018, the circuit court conducted a nonevidentiary hearing on Brehm's motion to dismiss. After considering arguments of counsel, the circuit court entered an order denying Brehm's motion to dismiss on July 16, 2019. The circuit court noted that the Brehm contract "allows Brehm to litigate the claims but requires parents and/or guardians to arbitrate claims." The circuit court, therefore, concluded that the Brehm contract lacked mutuality with respect to resolving disputes that made the arbitration clause in the Brehm contract substantively unconscionable.

¶ 14    The plaintiffs moved to file a first amended complaint, and the circuit court granted the motion to amend the complaint. On August 2, 2019, Brehm filed a notice of appeal from the circuit court's order denying their motion to dismiss the plaintiffs' complaint.

¶ 15    During the pendency of this appeal, the plaintiffs filed the first amended complaint, which included the same counts that were included in the first complaint (counts I through VI) and added additional counts (VII through XIII) alleging claims based on substantive unconscionability, procedural unconscionability, negligent infliction of emotional distress, fraudulent misrepresentation, and negligent misrepresentation. Brehm moved to dismiss the plaintiffs' first amended complaint pursuant to sections 2-615 and 2-619 of the Code (*id.* §§ 2-615, 2-619).

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, Brehm challenges the propriety of the interlocutory order denying their request to dismiss the plaintiffs' complaint based on the arbitration clause contained in the Brehm contract. Before considering the merits of Brehm's appeal, we must first address the plaintiffs' claims that the appeal should be dismissed for lack of jurisdiction, mootness, and prematurity.

¶ 18                                    A. Jurisdiction

¶ 19    As a preliminary matter, we must determine whether we have jurisdiction to consider Brehm's appeal. Brehm argues that this court has jurisdiction pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). The plaintiffs argue that this court lacks jurisdiction because Brehm never filed a motion to compel arbitration and instead filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)), titled "THE DEFENDANTS' COMBINED MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT AND FOR SANCTIONS." Plaintiffs claim that the ruling on the section 2-619 motion to dismiss is not an appealable order.

¶ 20    Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017) provides for an appeal as a matter of right. Brehm brought this appeal pursuant to section 307(a)(1), which provides: "An appeal may be taken to the Appellate Court from an interlocutory order of court: (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction[.]" Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017).

¶ 21    To determine what constitutes an appealable injunctive order under Rule 307(a)(1), we look to the substance of the action, rather than the form. *In re A Minor*, 127 Ill. 2d 247, 260 (1989). A ruling by the circuit court that has the force and effect of an injunction is appealable even if called something else. *Id.* The Illinois Supreme Court has described an injunction as " 'a judicial process, by which a party is required to do a particular thing, or to refrain from doing a particular thing, according to the exigency of the writ, the most common sort of which operate as a restraint upon the party in the exercise of his real or supposed rights.' " *Id.* at 261 (quoting *Wangelin v. Goe*, 50 Ill. 459, 463 (1869)). The supreme court has cautioned that not every nonfinal order is appealable "even if it compels a party to do or not do a particular thing." *Id.* at 261-62. That said,

7

an order granting or denying a motion to compel arbitration is injunctive in nature and an appealable interlocutory order under Rule 307(a)(1). *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001); *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 271 (1983).

¶ 22    The plaintiffs argue that the trial court simply denied Brehm's motion to dismiss their complaint after finding that the arbitration clause in the Brehm contract was substantively unconscionable. The plaintiffs point out that while Brehm filed a motion to dismiss the complaint under section 2-619(a)(9) based on an arbitration provision in the Brehm contract, Brehm did not ask the trial court to compel arbitration, and the trial court did not order either party to do, or refrain from doing, a particular thing. As such, the plaintiffs conclude that the circuit court's order is not in the nature of an appealable injunctive order under Rule 307(a)(1).

¶ 23    In response, Brehm argues that, in substance, its section 2-619 motion sought the dismissal of the plaintiffs' complaint so that the parties could proceed to arbitration. Brehm claims that the denial of that motion was the equivalent of an order denying an injunction and, therefore, was appealable.

¶ 24    In cases where the appellate court has found jurisdiction under Rule 307(a)(1), a request was made to the trial court to compel arbitration or some other form of injunctive relief, or the trial court's order effectively constituted an injunctive order. See, *e.g.*, *Ward v. J.J.B. Hilliard, W.L. Lyons, LLC*, 2018 IL App (5th) 180214 (motion to dismiss or stay pending arbitration proceedings); *Siena at Old Orchard Condominium Ass'n v. Siena at Old Orchard, L.L.C.*, 2018 IL App (1st) 182133 (trial court's denial of motion to dismiss based on finding that amendment to condominium declaration removed alternative dispute resolution procedure effectively restrained defendant's exercise of contractual right to compel arbitration); *Midland Funding, LLC v. Raney*, 2018 IL App (5th) 160479 (motion to dismiss and compel arbitration); *Travis v. American*

*Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171 (2002) (motion to compel appraisal). In addition, under the Illinois Uniform Arbitration Act (710 ILCS 5/2 (West 2018)) and the United States Arbitration Act (9 U.S.C. § 3 (2018)), proceedings to compel arbitration are commenced upon an "application" by a party showing both the existence of an agreement to arbitrate and the opposing party's refusal to arbitrate.

¶ 25    An order granting or denying a motion to compel arbitration is injunctive in nature and is appealable under Rule 307(a)(1). *Salsitz*, 198 Ill. 2d at 11; *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1098-99 (2009). A motion to compel arbitration and dismiss the lawsuit is similar to a motion to dismiss pursuant to section 2-619(a)(9) of the Code, which allows a dismissal where the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim. 735 ILCS 5/2-619(a)(9) (West 2018); *Travis*, 335 Ill. App. 3d at 1174. The affirmative matter relied upon to dismiss is the exclusive remedy of arbitration. *Travis*, 335 Ill. App. 3d at 1174.

¶ 26    In this case, Brehm requested only a dismissal of the plaintiffs' action without requesting a stay pending arbitration. Brehm did not ask the trial court to compel arbitration in its pleadings or in its prayer for relief directed against the plaintiffs' original complaint. However, in its motion and memoranda, Brehm repeatedly argued that the plaintiffs' action should be dismissed because the plaintiffs' claims came within the scope of a mandatory arbitration clause. Brehm's section 2-619(a)(9) motion to dismiss argued that the plaintiffs' claims were subject to a valid arbitration clause contained in the Brehm contract. Further, Brehm filed a supporting memorandum of law that argued that the plaintiffs' complaint should be dismissed based on the fact that the Brehm contract contained a valid and enforceable arbitration provision.

9

¶ 27 While failure to request the court to compel arbitration is not simply a matter of "form over function," as argued by Brehm, and it would have been proper practice to file a motion to compel arbitration; "[a]n order denying a motion to dismiss a complaint on the basis of an arbitration clause has been found to be an order denying an injunction for purposes of Rule 307." *Siena at Old Orchard Condominium Ass'n*, 2018 IL App (1st) 182133, ¶ 18. While Brehm filed a motion to dismiss pursuant to section 2-619, the affirmative matter they relied upon in seeking the dismissal was that the dispute was governed by a valid arbitration clause and that the controversy should proceed in arbitration. The substance of the action at the trial court revolved around the validity and applicability of the arbitration clause. In ruling on Brehm's motion to dismiss, the trial court considered the arbitration clause and determined that it was substantively unconscionable and unenforceable. The trial court's order effectively restrained Brehm's exercise of the contractual right to compel arbitration, and thus we treat Brehm's motion to dismiss as a motion to compel arbitration, even though that was not the motion's title. Accordingly, based upon the content of the pleadings coupled with the findings of the trial court, we conclude that the order was injunctive in nature and, therefore, appealable under Rule 307(a)(1).

¶ 28                                    B. Mootness

¶ 29 The plaintiffs next argue that the pleadings filed by the parties after the entry of the interlocutory order at issue render this appeal moot. Specifically, the trial court, in its July 16, 2019, order, denied Brehm's motion to dismiss the original complaint and also granted the plaintiffs leave to amend their complaint. The plaintiffs filed a first amended complaint on July 17, 2019. The plaintiffs, therefore, argue that Brehm's appeal from the denial of the motion to dismiss the original complaint would serve no purpose when that complaint had effectively been

10

withdrawn and replaced by the first amended complaint. The plaintiffs ask us to take judicial notice of the pleadings filed after the entry of the interlocutory order at issue.

¶ 30    We agree with the plaintiffs that we have authority to take judicial notice of the pleadings filed in the trial court after the interlocutory order was entered. See, *e.g.*, *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶¶ 23-24; *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.*, 244 Ill. App. 3d 920, 927 (1993) (where the appellate court took judicial notice of an answer and waiver filed by the defendant after the appeal from an interlocutory order). The plaintiffs' first amended complaint and Brehm's responsive pleadings are contained in a supplement to the record on appeal. This court may take judicial notice of the filing of those pleadings as the filing of those pleadings are readily verifiable and are court records that may reveal whether an actual controversy exists between the parties.

¶ 31    "A case on appeal becomes moot where the issues presented in the trial court no longer exist because events subsequent to the filing of the appeal render it impossible for the reviewing court to grant the complaining party effectual relief." *Bettis v. Marsaglia*, 2014 IL 117050, ¶ 8. An issue becomes moot if the parties' rights or interests are no longer in controversy and the resolution of the issue will have no practical effect. *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 484-85 (1984); *Abbas*, 2018 IL App (1st) 162972, ¶ 24.

¶ 32    We note that the appeal of an interlocutory order under Rule 307 does not divest the trial court of jurisdiction to hear and determine matters in the pending litigation that arise independently of and are unrelated to the interlocutory order before the reviewing court. *Witters v. Hicks*, 338 Ill. App. 3d 751, 755-56 (2003). Orders entered after the filing of a notice of appeal are valid if the orders do not affect the substantive issues on appeal or change the nature of the appeal. *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 162 (1998). The plaintiffs' amended

11

complaint alleges facts that are nearly identical to the facts of the original complaint. The amended complaint also contains counts I through VI of the original complaint, along with additional counts alleging new tort theories. The filing of the amended complaint, therefore, did not end the controversy surrounding the dismissal of L.R. from Brehm's school or the disagreement over the proper forum for the resolution of the parties' dispute. Whether the trial court erred in finding that the arbitration clause was unconscionable and unenforceable is a substantial controversy that remains at issue. Accordingly, we conclude that this appeal is not moot.

¶ 33                                    C. Prematurity

¶ 34     Finally, the plaintiffs contend that this appeal is premature. They rely upon *Sturgill v. Santander Consumer USA, Inc.*, 2016 IL App (5th) 140380, in support of their contention.

¶ 35     In *Sturgill*, the defendant filed a motion to compel arbitration, and the plaintiff objected. In the objection, the plaintiff raised several issues regarding the enforceability of an arbitration clause, including whether it could be assigned, whether affirmative matters defeated the right to arbitration, and whether the arbitration clause had been terminated. *Id.* ¶ 26. The trial court issued the following order: " 'After reviewing parties memoranda and having heard argument on Defendants' Motion, the Court finds as follows: Defendant's renewed Motion to Compel Individual Arbitration and to Stay or Dismiss Proceedings is hereby denied.' " *Id.* ¶ 19. On appeal, this court determined that the trial court had not made a substantive disposition of the issues raised by the defendant's motion to compel arbitration. *Id.* ¶ 26. We explained that, "[w]here a trial court has failed to articulate any specific reasons for ruling on the motion to compel arbitration, the court has not issued a substantive disposition." *Id.* ¶ 27. Having determined that the trial court failed to articulate any specific reasons for denying the motion to compel arbitration, we vacated the order and remanded the case to the trial court for further proceedings. *Id.*

¶ 36    In the case at bar, the trial court entered a two-page order articulating the basis for denying

Brehm's section 2-619 motion to dismiss. Here, unlike *Sturgill*, the trial court's findings and

analysis allow for a substantive review of the order denying Brehm's motion to dismiss.

Accordingly, Brehm's appeal is not premature.

¶ 37                          D. Validity and Enforceability of the Arbitration Clause

¶ 38    On appeal, Brehm claims that the trial court erred in denying its motion to dismiss the

plaintiffs' complaint pursuant to section 2-619(a)(9) of the Code because the Brehm contract

contained a valid and enforceable arbitration clause and the plaintiffs' claims arose out of, and

were related to, the Brehm contract. Brehm initially argues that the trial court exceeded its

authority in determining that the entire Brehm contract was substantively unconscionable. Brehm

then argues that the trial court erred in finding that the arbitration clause in the Brehm contract was

substantively unconscionable.

¶ 39    As noted above, an order to compel or deny arbitration is injunctive in nature and

appealable under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). In an appeal brought

pursuant to Rule 307(a)(1), the only issue is whether there was a sufficient showing to sustain the

trial court's order granting or denying the relief sought. *Hollingshead*, 396 Ill. App. 3d at 1099.

An order denying a motion to compel arbitration, entered without an evidentiary hearing, is

reviewed *de novo*. *Id.*

¶ 40    In a motion to dismiss pursuant to section 2-619(a)(9), the moving party asserts that a claim

is barred by an "affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS

5/2-619(a)(9) (West 2018). In Brehm's section 2-619(a)(9) motion, Brehm asserted that the

mandatory arbitration clause was the affirmative matter that defeated the plaintiffs' claims. Brehm,

therefore, carried the initial burden to establish that the Brehm contract contained a valid written

arbitration clause and that the parties' dispute fell within the scope of that arbitration clause. *Hubbert v. Dell Corp.*, 359 Ill. App. 3d 976, 983 (2005).

¶ 41    Generally, Illinois considers arbitration to be a favored method of settling disputes. *Salsitz*, 198 Ill. 2d at 13. The pro-arbitration policy is not intended to render arbitration agreements more enforceable than other contracts, and it does not operate in disregard of the intent of the contracting parties. See *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 55. An arbitration agreement is a matter of contract, and like any other contract, the principles of state contract law apply. *Id.*; *Salsitz*, 198 Ill. 2d at 13. Parties are bound to submit to arbitration only those issues that they have agreed to resolve through the arbitration mechanism, and an arbitration agreement will not be extended by construction or implication. *Carter*, 2012 IL 113204, ¶ 55. Further, generally applicable state law contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate an arbitration clause. *Id.* ¶ 18.

¶ 42    When presented with a motion to stay or dismiss an action and to compel arbitration, the trial court's inquiry is limited to "certain gateway matters," such as whether the parties have a valid arbitration clause, and if so, whether the issues in dispute fall within the scope of the arbitration clause. See *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444-46 (2006); *Jensen v. Quik International*, 213 Ill. 2d 119, 123-24 (2004). In determining the validity and the scope of an arbitration clause, the trial court should examine both the language of the arbitration clause and the terms of the contract in which the clause is found. *Keeley & Sons, Inc. v. Zurich American Insurance Co.*, 409 Ill. App. 3d 515, 520-21 (2011). In contrast, challenges to the validity of the contract as a whole, rather than the arbitration clause within the contract, are matters to be considered by the arbitrator in the first instance. *Buckeye Check Cashing, Inc.*, 546 U.S. at 445-46; *Bess v. DirecTV, Inc.*, 381 Ill. App. 3d 229, 236 (2008).

14

¶ 43    In this case, the trial court correctly concluded that it had the authority to consider the plaintiffs' challenges to the validity the arbitration clause in the Brehm contract and that it could look to other sections of the Brehm contract to inform its decision. See *Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1, 24 (2006) (unconscionability should be examined with reference to all of the circumstances surrounding the transaction); *Bess v. DirecTV, Inc.*, 351 Ill. App. 3d 1148, 1152 (2004) (arbitration clause is enforceable unless plaintiff can show that grounds exist in Illinois law or in equity for the revocation of any contract). The trial court cited relevant authority in the first page of its written order and explained that its only task was to rule on the validity of the arbitration clause. However, the language in the trial court's order of July 16, 2019, included a statement that the "Agreement" was substantively unconscionable. Despite the use of the word "Agreement" in the second page of the order, a term that could apply to both the contract as a whole or the arbitration clause, we believe that it is clear from the context of the trial court's written order that it recognized its authority was limited to whether a valid arbitration clause existed. Therefore, it is evident that the trial court's finding was that the arbitration clause within the Brehm contract was unconscionable, not the entire Brehm contract.

¶ 44    Brehm next claims that the trial court erred in its finding that the arbitration clause was substantively unconscionable based on a lack of "mutuality in response to resolving disputes." Given the trial court's determination, we initially consider the contract defense of mutuality of obligation.

¶ 45    Mutuality of obligation is a specific contract defense that may be considered separately from unconscionability. The doctrine of mutuality requires a contract to be based on an exchange of reciprocal promises. *Keefe v. Allied Home Mortgage Corp.*, 393 Ill. App. 3d 226, 230 (2009). However, the mutuality of obligation defense is reviewed in terms of whether there is consideration

15

for the contract. *Carter*, 2012 IL 113204, ¶ 21. Where there is no other consideration for a contract, the mutual promises of the parties constitute consideration, and those promises must be binding on both parties or the contract fails for want of consideration. *Id.* Where there is any other consideration for the contract, mutuality of obligation is not essential. *Id.* Principles of contract law do not require that the values that the plaintiffs and defendants exchanged be equivalent. *Id.* ¶ 24 (citing *Ryan v. Hamilton*, 205 Ill. 191, 197 (1903)). Where, as here, an arbitration clause is contained within a larger agreement, the consideration for the agreement as a whole is sufficient to support the subsidiary arbitration clause as well. *Keefe*, 393 Ill. App. 3d at 230.

¶ 46     In *Carter*, the supreme court considered the appellate court's ruling that an arbitration agreement was illusory where there was a $200,000 arbitration floor. *Carter*, 2012 IL 113204, ¶ 19. The appellate court held that the agreement was unenforceable based on the state law contract defense of lack of mutuality of obligation, where the financial floor effectively created a lack of the parties' mutual promise to arbitrate. *Id.* The supreme court reversed the appellate court's ruling, noting that one party's promise to arbitrate, even if not met with a reciprocal promise to arbitrate by the other party but supported by consideration, renders the state law contract defense of lack of mutuality of obligation unavailable. *Id.* ¶¶ 19-27.

¶ 47     In the present case, the Brehm contract required that Brehm provide certain services to L.R. and that the plaintiffs pay for those services. Brehm promised to provide certain education services, and in exchange, the plaintiffs paid the tuition in full. Therefore, we conclude that the plaintiffs' promise to arbitrate, even if not met with a reciprocal promise to arbitrate all matters by Brehm, is nonetheless supported by consideration.

¶ 48     We next consider the contractual defense of unconscionability. Unconscionability may be either procedural or substantive or a combination of both. *Razor v. Hyundai Motor America*, 222

16

Ill. 2d 75, 99 (2006). Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed. *Kinkel*, 223 Ill. 2d at 28; *Razor*, 222 Ill. 2d at 100. Substantive unconscionability may be indicated by " 'contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity.' " *Kinkel*, 223 Ill. 2d at 28 (quoting *Maxwell v. Fidelity Financial Services, Inc.*, 907 P.2d 51, 58 (Ariz. 1995)).

¶ 49    Procedural unconscionability consists of some impropriety during the process of forming the contract that deprived a party of a meaningful choice. *Id.* at 23. Factors to be considered include all of the circumstances surrounding the transaction, such as the manner in which the contract was entered into, whether each party had a reasonable opportunity to understand the terms of the contract, and whether important terms were hidden in a maze of fine print. *Id.* Both the conspicuousness of the clause and the negotiations relating to it are important, albeit not conclusive facts in determining the issue of procedural unconscionability. *Id.* (citing *Frank's Maintenance & Engineering, Inc. v. C.A. Roberts Co.*, 86 Ill. App. 3d 980, 989-90 (1980)); see also *Ahern v. Knecht*, 202 Ill. App. 3d 709, 716 (1990) (courts of equity will provide relief against "hard and unconscionable contracts which have been procured by taking advantage of the condition, circumstances or necessity of the other parties"). Under Illinois law, the procedural unconscionability of an arbitration provision may be informed by the facts and circumstances surrounding the making of the contract, including whether the arbitration clause itself is contained within a larger contract of adhesion, and questions regarding the facts and circumstances surrounding the making of that contract. *Bess*, 381 Ill. App. 3d at 237.

¶ 50    In this case, Brehm contends that the trial court erred in considering other provisions in the Brehm contract in finding that the arbitration clause was unconscionable. Brehm claims that the

17

arbitration clause requires that any dispute arising out of, or in any way relating to, the Brehm contract should be decided exclusively through binding arbitration and that this requirement applies to both parties. Brehm further claims that the language in section 11 of the Brehm contract, referenced by the trial court, is merely an attorney fee provision that allowed Brehm to recoup its attorney fees, costs of litigation, and costs of collection in the event of a breach of the Brehm contract by a parent and that this provision has nothing to do with the choice of a forum to resolve disputes.

¶ 51    According to the order of July 16, 2019, the trial court reviewed the arbitration clause in section 19 of the Brehm contract, along with other provisions in the Brehm contract. The court found that the arbitration clause required parents to arbitrate claims, while provisions in section 11 of the Brehm contract allowed Brehm to pursue all other rights and remedies available at law or in equity in the event of a breach of contract by a parent. In other words, the trial court concluded that Brehm could choose an arbitral forum or a judicial forum, while the plaintiffs were restricted to an arbitral forum.

¶ 52    Section 11 of the Brehm contract, titled "BREACH OF CONTRACT," provides:

> "In the event Parent defaults on any obligation pursuant to this Agreement, including the obligation for payment of money due and owing or any other obligation, and in the event Brehm is required to employ the services of an attorney due to the default, in addition to all other rights and remedies available at law or in equity, Brehm shall also be entitled to recover its reasonable attorneys' fees, costs of litigation, and costs of collection, including attorneys' fees incurred in efforts to collect after judgment.
>
> In the event Parent defaults on any obligation for the payment of money due and owing to Brehm, and such default is not cured within ten (10) business days after Parent's

18

receipt of written notice of default, then Brehm, at its sole option, may immediately dismiss Student and require Student to immediately vacate Brehm's premises and return home at Parent's cost.

In the event of such dismissal for breach of contract, all tuition, fees, costs, etc., shall be due and payable in accordance with the provisions of this Agreement."

¶ 53 As discussed previously, an agreement to arbitrate is construed in the same manner and according to the same rules as all other contracts. *Carter*, 2012 IL 113204, ¶ 55; *Vassilkovska v. Woodfield Nissan, Inc.*, 358 Ill. App. 3d 20, 24 (2005). The parties to an agreement are bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language. *Salsitz*, 198 Ill. 2d at 13. When construing a contract, a court seeks to effectuate the intent of the parties. See generally *Platt v. Gateway International Motorsports Corp.*, 351 Ill. App. 3d 326, 329 (2004). A contract is to be construed as a whole, giving meaning and effect to every provision, if possible, because it is presumed that every clause in the contract was inserted deliberately and for a purpose. *Id.*

¶ 54 By its plain language, section 11 applies specifically and exclusively to a default by a parent. Under the first paragraph in section 11, if a parent defaults on any obligation in the Brehm contract, and if Brehm must hire an attorney due to the default, then, *in addition to all rights and remedies available at law or inequity*, Brehm is entitled to recover its reasonable attorney fees and costs. The Brehm contract contains no similar fee-shifting provision available to parents in the event of a default by Brehm. Thus, this provision is one-sided. Applying principles of contract construction, the provisions in section 11 and the arbitration provision must be construed together, giving meaning to each provision, if possible. In construing these provisions together, there is

19

support for the trial court's finding that they allow Brehm the option to bring certain claims and seek remedies in either a judicial forum or an arbitral forum.

¶ 55    Further, we do not accept Brehm's contention that section 11 is merely a fee-shifting provision. Section 11 also contains provisions allowing Brehm, at its sole option, to declare a default for failure to pay tuition and fees, and to expel a child upon the parent's failure to cure that default within 10 days after being notified of the default. Under section 11, if a child is dismissed because of an alleged breach of contract, as determined solely by Brehm and without any measure of due process, then full tuition and costs are immediately due and payable. It is noteworthy that section 11 does not refer to, or incorporate, the provision in the arbitration clause that would require Brehm and the parent to make a "good faith" attempt to resolve the matter in dispute before Brehm proceeds to expel a student.

¶ 56    The question of unconscionability cannot be answered without viewing the arbitration clause in the context of the Brehm contract as a whole and against the backdrop of the full and precise claims made by the plaintiffs, as the legal issue of unconscionability hinges on the totality of the circumstances. See *Kinkel*, 223 Ill. 2d at 22. According to the record, the plaintiffs' claims of unconscionability of the arbitration clause were not based solely on a lack of consideration or mutuality. The plaintiffs made other claims of procedural and substantive unconscionability. Accordingly, although we reverse the circuit court's denial of the motion to dismiss based on a lack of mutuality, we note that, on remand, there remain unresolved issues that pertain to the plaintiffs' unconscionability claims.

¶ 57    A fundamental principle of arbitration is meaningful choice, namely that parties can freely and fairly negotiate their own terms of dispute resolution rather than being subjected to the fixed rules of a judicial forum. As noted in *Kinkel*, "substantive unconscionability" refers to contractual

20

terms that are " 'inordinately one-sided in one party's favor.' " *Id.* at 28 (quoting *Razor*, 222 Ill. 2d at 100). In this case, the plaintiffs challenged the arbitration clause, claiming that it was substantively and procedurally unconscionable. The plaintiffs asserted several claims of unconscionability that were not addressed by the trial court.

¶ 58    In the July 16, 2019, order, the trial court concluded that the "Agreement" was "substantively unconscionable" based on a lack of mutuality of obligation. In reaching this conclusion, the trial court looked beyond the arbitration clause and recognized that the Brehm contract only allowed Brehm the choice of choosing arbitration or all other rights and remedies available by law or in equity. As discussed above, the lack of a mutual promise to arbitrate is not enough, on its own, to invalidate an arbitration clause within a contract which is supported by other consideration. Based on the full context of the order, it is clear the trial court found that the arbitration clause, and not the contract as a whole, was substantively unconscionable and, therefore, unenforceable.

¶ 59    It bears repeating that questions regarding the validity of the Brehm contract as a whole are to be decided by the arbitrator and that questions regarding the validity and conscionability of the arbitration clause are for the circuit court. *Buckeye Check Cashing, Inc.*, 546 U.S. at 445-46; *Bess*, 381 Ill. App. 3d at 236. We are remanding this case so that the trial court can make a substantive determination of the entirety of the plaintiffs' challenges to the arbitration clause in the Brehm contract. The trial court has the authority to determine whether this arbitration clause is or is not enforceable, and in doing so, the court may look beyond the provisions in the arbitration clause to inform its decision. *Kinkel*, 223 Ill. 2d at 24. Thus, nothing in this decision would preclude the trial court from again considering the provisions in section 11, as well other provisions in the

21

Brehm contract, to resolve the issues of unconscionability. Further, nothing in our decision would preclude an evidentiary hearing should that be requested by any party.

¶ 60                                    III. CONCLUSION

¶ 61     For the reasons stated, the trial court's order denying Brehm's motion to dismiss is hereby vacated, and the cause is remanded for further proceedings consistent with this decision.

¶ 62     Vacated and remanded.

**No. 5-19-0327**

| | |
|---|---|
| **Cite as:** | *Hartz v. Brehm Preparatory School, Inc.*, 2021 IL App (5th) 190327 |
| **Decision Under Review:** | Appeal from the Circuit Court of Jackson County, No. 18-L-35; the Hon. Christy W. Solverson, Judge, presiding. |
| **Attorneys for Appellant:** | John C. Ryan, D. Brian Smith, and Bentley J. Bender, of Feirich Mager Green Ryan, of Carbondale, for appellants. |
| **Attorneys for Appellee:** | Joseph M. Baczewski and Jerrod H. Montgomery, of Carbondale, for appellees. |