NOTICE
Decision filed 11/04/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240677-U

NO. 5-24-0677

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| D. CALVIN STEARNS, d/b/a CN Pizza, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
|     Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 23-LM-72 |
| | ) | |
| CHRIS NEWBY, d/b/a Newby's Pizza; CHRIS HOOKER; | ) | |
|  BOBBY D. SULLENGER; and CURTIS GIRTMAN, | ) | |
| | ) | |
|     Defendants | ) | Honorable |
| | ) |  Ella L. Travelstead, |
| (Chris Newby, d/b/a Newby's Pizza, Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court's order denying defendant's motion to compel arbitration is affirmed where the plaintiff's claims were not within the scope of the arbitration provision.

¶ 2    Defendant, Chris Newby doing business as Newby's Pizza, appeals the April 26, 2024, order of the circuit court of Jackson County that denied his motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)) or, in the alternative, to compel arbitration. For the reasons that follow, we affirm.

¶ 3                        I. BACKGROUND

¶ 4    On June 25, 2013, Dwight Calvin Stearns and Christopher Newby entered into a limited liability company (LLC) operating agreement as the founding members of CN Pizza, LLC.

1

Thereafter, they opened Primo's Pizza locations in Carbondale, Illinois, and Energy, Illinois. The operating agreement showed that Stearns owned 60% of the LLC while Newby owned 40%. Newby worked as a manager in both Primo's Pizza locations until approximately October 30, 2023.

¶ 5 On November 6, 2023, Stearns filed a complaint in the circuit court of Jackson County alleging that Newby breached the Illinois Limited Liability Company Act. Stearns filed a first amended complaint on January 22, 2024, and asserted claims for: breach of fiduciary duty, accounting, and reimbursement (count I); conversion (counts II, VII, IX); tortious interference with business expectancy (count III); aiding and abetting fraud (count IV); and civil conspiracy (counts V, VI, and VIII). All counts named Newby as a defendant or codefendant, except counts VII and IX. Count VII alleged conversion against Curtis Girtman, the manager of the Primo's Pizza in Energy, and count IX alleged conversion against Chris Hooker, the manager of the Primo's Pizza in Carbondale.

¶ 6 Stearns alleged that Newby dissociated himself from the LLC. Following dissociation, Stearns alleged Newby removed all computer hard drives from the restaurant, shut down the website, deactivated the Facebook page, changed the locks on the Energy location, opened his own competing restaurant in Carbondale, and changed the Energy location to a "Newby's Pizza."

¶ 7 On March 6, 2024, Newby filed a motion to dismiss or, in the alternative, to compel arbitration. Newby brought his motion under section 2-619 of the Code of Civil Procedure (*id.*). In the motion, Newby argued that the operating agreement contained a binding arbitration clause, and that the allegations in the complaint arise out of the duties imposed on him as a member of CN Pizza, LLC. The dispute resolution clause of the operating agreement, article XVIII, provides, in relevant part:

"In the event any dispute or controversy arising out of this Agreement cannot be settled by the members, such controversy or dispute shall be submitted to arbitration in Carbondale, Illinois ***. *** The decision of the majority of said arbitrators, or of a sole arbitrator *** shall be binding upon the parties hereto for all purposes ***."

¶ 8 Stearns responded on March 18, 2024, arguing that Newby waived arbitration once he dissociated. Stearns also argued Newby waived arbitration when he filed his motion to dismiss. The circuit court held a hearing on the motion to dismiss on April 15, 2024. However, the record on appeal contains no transcript of this proceeding.

¶ 9 In a written order entered on April 26, 2024, the circuit court denied Newby's motion to dismiss. The court reasoned that "[o]nce Defendant dissociated himself from the LLC, he dissociated himself being able to exercise his right to compel arbitration under the operating agreement." Additionally, the circuit court reasoned that Newby placed substantive issues before the court by filing a section 2-619 motion or *in the alternative* to compel arbitration, and therefore waived his ability to compel arbitration. Lastly, the court reasoned that the operating agreement contained a narrow arbitration clause, because it contained the phrase "arising out of" but failed to include the phrase "or relating to." As such, the court found "the present dispute arises from actions taken outside of the operating agreement after the Defendant dissociated from the LLC."

¶ 10 On April 30, 2024, Newby filed a "Motion for Reconsideration of Order Denying Arbitration." Stearns responded on May 8, 2024. On May 9, 2024, the circuit court denied the motion to reconsider by docket entry.

¶ 11 Newby filed a timely notice of interlocutory appeal on May 23, 2024.

¶ 12                                    II. ANALYSIS

¶ 13 On appeal, Newby argues the motion to compel arbitration should have been granted. Newby argues the circuit court erred by (i) finding his ability to compel arbitration was foreclosed when he dissociated from the LLC and (ii) finding the scope of the arbitration clause was narrow.

3

In response, Stearns argues the court's order denying Newby's motion to compel was proper and supported by law. Stearns argues Newby waived his ability to compel arbitration by dissociating from the LLC. Stearns argues Newby further waived the ability to compel arbitration by filing a motion to dismiss or, in the alternative, to compel arbitration. Lastly, Stearns argues the court's order correctly found the arbitration clause was narrow and did not encompass his claims. For the reasons that follow, we affirm the order denying Newby's motion to dismiss or in the alternative, to compel arbitration.

¶ 14    The primary issue on appeal is whether the arbitration clause contained in the operating agreement encompasses the claims set forth by plaintiff in his complaint, so that the parties should be compelled to arbitrate. The parties do not dispute that an arbitration clause is included in the operating agreement, nor is there an allegation that the arbitration clause is invalid or unenforceable.

¶ 15    A circuit court's order granting or denying a motion to compel arbitration that was made without an evidentiary hearing and raises only a legal issue is reviewed *de novo*. *Guarantee Trust Life Insurance Co. v. Platinum Supplemental Insurance, Inc.*, 2016 IL App (1st) 161612, ¶ 25. Here, while the circuit court conducted a hearing on the defendant's motion to dismiss and compel arbitration, upon review of the record, no evidentiary hearing was held. The parties do not dispute this standard of review. Therefore, our review is *de novo*.

¶ 16    "A motion to compel arbitration raises the sole and narrow issue[ ] of whether the parties agreed to arbitrate the dispute." *Clark v. Foresight Energy, LLC*, 2023 IL App (5th) 230346, ¶ 22 (citing *Liu v. Four Seasons Hotel*, *Ltd.*, 2019 IL App (1st) 182645, ¶ 24). The circuit court's inquiry, when presented with a motion to compel arbitration, is limited to whether the parties have a valid arbitration clause, and if so, the question becomes whether the issues in dispute fall within

4

the scope of the arbitration clause. *Hartz v. Brehm Preparatory School, Inc.*, 2021 IL App (5th) 190327, ¶ 42.

¶ 17    Under Illinois law, when determining whether the parties agreed to arbitrate the dispute, the circuit court is to use a three-pronged approach:

> "(i) if it is clear that the dispute falls within the scope of the arbitration clause or agreement, the court must compel arbitration, (ii) if it is clear that the dispute does not fall within the arbitration clause or agreement, the court must deny the motion to compel, and (iii) if it is unclear or ambiguous whether the dispute falls within the scope of the arbitration clause, the matter should be referred to the arbitrator to decide arbitrability." *Liu*, 2019 IL App (1st) 182645, ¶ 24.

¶ 18    Illinois considers arbitration to be a favored method of dispute resolution. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). "However, arbitration is still a matter of contract and parties are 'bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language.' " *Clark*, 2023 IL App (5th) 230346, ¶ 23 (quoting *Salsitz*, 198 Ill. 2d at 13). "Their 'agreement will not be extended by construction or implication.' " *Id.* (quoting *Salsitz*, 198 Ill. 2d at 13).

¶ 19    The primary objective in interpreting any contract, including an arbitration agreement, is to give effect to the intent of the parties. *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). The language of the contract alone, given its plain and ordinary meaning, is the best indication of the parties' intent. *Id.* at 233. A "contract must be construed as a whole, viewing each part in light of the others." *Id.* The intention of the parties may not be gathered from detached portions of the contract or from any clause or provision standing alone. *Id.*

¶ 20    "[P]arties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate." *Flood v. Country Mutual Insurance Co.*, 41 Ill. 2d 91, 94 (1968). Generic arbitration clauses are an exception to the "clear language" principle. *Keeley & Sons, Inc. v. Zurich American Insurance Co.*, 409 Ill. App. 3d 515, 520 (2011). "[C]ourts have generally construed 'generic'

arbitration clauses broadly" and have concluded that "parties are obligated to arbitrate *any* dispute that arguably arises under an agreement containing a 'generic' provision." (Emphasis in original.) *Fahlstrom v. Jones*, 2011 IL App (1st) 103318, ¶ 17.

¶ 21 "A generic arbitration clause is nonspecific in designating what issues should be arbitrated and is characterized by language providing that all claims 'arising out of' or 'relating to' the contract shall be decided by arbitration." *Clark*, 2023 IL App (5th) 230346, ¶ 26 (quoting *Liu*, 2019 IL App (1st) 182645, ¶ 26). "To determine the scope of a generic arbitration clause, a court should examine the wording of the clause along with the terms of the contract in which the clause is found." *Keeley & Sons, Inc.*, 409 Ill. App. 3d at 520-21. If

> "an arbitration clause contains the phrase, 'arising out of [the] agreement' (or a similar phrase), but fails to also include the phrase, 'or relating to [the agreement]' (or a similar phrase), it is narrower than a generic clause, and any arbitration should be limited to the specific terms of the contract or agreement containing the arbitration clause." *Liu*, 2019 IL App (1st) 182645, ¶ 26.

¶ 22 At the outset, we disagree with the circuit court's reasoning that "[o]nce Defendant dissociated himself from the LLC, he dissociated himself being able to exercise his right to compel arbitration under the operating agreement." We have found no authority expressly stating that a member of an LLC loses his ability to compel arbitration following dissociation. We agree with defendant in that the arbitration clause, like other rights conferred by the operating agreement, does not disappear upon a member being dissociated from the LLC.

¶ 23 Further, we disagree that the filing of defendant's section 2-619 motion to dismiss or, in the alternative, to compel arbitration places substantive issues before the court foreclosing defendant's ability to compel arbitration. "[A] party may waive its contractual right to arbitration where it conducts itself in a manner that is inconsistent with the arbitration clause, thus indicating an abandonment of that right. [Citations.] In deciding whether a party waived its contractual right

6

to arbitration the 'crucial inquiry' is 'whether the party has acted inconsistently with its right to arbitrate.' " *Beecham v. Lakeview Law Group of Sonny S. Shalom, P.L.L.C.*, 2023 IL App (1st) 230437-U,[1] ¶ 39 (quoting *Clanton v. Oakbrook Healthcare Centre, Ltd.*, 2022 IL App (1st) 210984, ¶ 43).

¶ 24    The circuit court relied on *Beecham* for the notion that a defendant waives its right to arbitration by filing a section 2-619 motion to dismiss. In *Beecham*, however, the defendant attempted to obtain dismissal of the lawsuit by "making the same arguments that the parties would have submitted to arbitration, namely: (1) whether the [Debt Settlement Consumer Protection Act] was applicable ***; and (2) whether the plaintiff could make out a claim for deceptive conduct ***." *Id.* ¶ 45. The *Beecham* court acknowledged that reviewing courts in Illinois have held that parties do not waive the right to arbitrate by either filing a motion contesting venue (*Brennan v. Kenwick*, 97 Ill. App. 3d 1040, 1043 (1981)) or filing an answer including the affirmative defense of the arbitration agreement. *Beecham*, 2023 IL App (1st) 230437-U, ¶ 40 (citing *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.*, 101 Ill. App. 3d 502, 505 (1981)).

¶ 25    The circuit court's reliance on *Beecham* is misplaced. Here, Newby's motion to dismiss or, in the alternative, to compel arbitration raised an affirmative matter—that a binding arbitration clause existed. The motion did not place substantive issues before the court. Moreover, the motion did not expressly request dismissal of the lawsuit. Rather, defendant's motion demanded commencement of arbitration pursuant to the operating agreement. As such, we cannot say that defendant acted inconsistently with his right to arbitrate by filing his motion.

---

[1]This court recognizes *Beecham v. Lakeview Law Group of Sonny S. Shalom, P.L.L.C.*, 2023 IL App (1st) 230437-U, was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1). Due to the circuit court's reliance on the case, we consider it persuasive in this matter.

¶ 26 In the case before us, the arbitration clause states: "In the event any dispute or controversy *arising out of* this Agreement cannot be settled by the members, such controversy or dispute shall be submitted to arbitration in Carbondale, Illinois, and for this purpose each party hereby expressly consents to arbitration in such place." (Emphasis added.) The arbitration clause contains the "arising out of" language but does not contain "or relating to" or a similar phrase. Accordingly, the arbitration clause at issue is narrower than a generic clause and must be limited to the specific terms of the operating agreement. *Liu*, 2019 IL App (1st) 182645, ¶ 26.

¶ 27 The claims alleged in Stearns' first amended complaint (breach of fiduciary duty, conversion, tortious interference, aiding and abetting fraud, and civil conspiracy) do not fall within the scope of the narrow arbitration clause. The operating agreement does not contain provisions relating to fiduciary duties, conversion, tortious interference, fraud, or conspiracy. Further, because we find neither the language nor the application of the arbitration clause to be ambiguous or vague in its meaning and scope, there is no need to consider whether an arbitrator, rather than a court, should thereby decide whether the subject matter of a dispute falls within the scope of the arbitration clause.

¶ 28                                   III. CONCLUSION

¶ 29 For the foregoing reasons, we affirm the Jackson County circuit court's order denying the motion to compel arbitration.

¶ 30 Affirmed.